Richard J. Cardamone, J.
The defendant has moved for an order to compel plaintiff to answer certain questions asked her during an examination before trial. The plaintiff has cross-moved for a protective order.
The plaintiff claims that on May 17, 1967 she was maliciously arrested by the manager of the defendant Victory Chain Store at 514 North James Street in Borne and turned over to the police, charged with petit larceny for allegedly stealing three cartons of cigarettes valued at $9.12. The plaintiff was acquitted following a jury trial in Borne City Court on September 29, 1967. Thereafter she instituted this action for false arrest and malicious prosecution.
At an examination before trial requested by the defendant, certain questions regarding the plaintiff’s marital status and former employment were asked by defendant’s attorney which plaintiff, on advice of her counsel, refused to answer and regarding which subjects she has asked this court for a protective order.
From the pleadings and the questions answered at the examination before trial without objection, it appears that the plaintiff is a' 30-year-old resident of the City of Borne, New York, having resided in that city for a period of about 9 years. She is presently married to Howard Brockway, to whom she was married on August 12, 1967. At the time of the incident, on May 17,1967, which gives rise to this lawsuit, she was divorced. Her name by her previous marriage was Azevado. Her maiden name was Fields. On May 17, 1967 she was not employed but approximately one year before she was employed in New York City as a dancer at Small’s Paradise. In September, 1967 she was employed at Brooks Fashions Store in Borne and at the time of the examination before trial on January 27, 1969 she was employed as a dancer at Nino’s restaurant in Borne.
The complaint in the action alleges that plaintiff ‘1 was injured in her good name and good reputation in the community ” and seeks damages in the sum of $75,000 for false arrest, imprisonment and malicious prosecution. The defendant contends that in an action of this nature it should be permitted an unlimited inquiry of the plaintiff regarding her previous and present marital status and her previous employment record.
The operative provisions of the CPLB are 3101 (subd. [a]), which provides for full disclosure of all evidence material and necessary in the defense of an action, and 3103 (subd. [a]), which grants the court authority to make a protective order limiting, conditioning, or regulating disclosure, within its discretion, which is to be exercised in order to prevent unreason *816 able annoyance, embarrassment or prejudice to any person.
The plaintiff’s complaint alleges a cause of action for false arrest and malicious prosecution. To state a cause of action for false arrest the plaintiff must claim: (1) that an arrest and detention has taken place; (2.) that the arrest was procured without a warrant or was otherwise illegal; (3) that the arrest was authorized by the defendant, and (4) damages. (5 Carmody-Wait 2d, New York Practice, False Arrest or Imprisonment, § 29.838.) A concise definition for an action in malicious prosecution is stated in Burt v. Smith (181 N. Y. 1, 5); “ A malicious prosecution is one that is begun in malice, without probable cause to believe it can succeed, and which finally ends in failure ”. To state a cause of action for malicious prosecution damages must also be pleaded. (5 Carmody-Wait 2d, New York Practice, Malicious Prosecution, § 29.851.)
The causes of action for false arrest and malicious prosecution are fundamentally different. The gist of the action for false arrest is the unlawful detention of the person of the plaintiff by reason of the unlawful act of the person arresting him. (Kraft v. State of New York, 52 Misc 2d 35, 38.) The foundation for an action in malicious prosecution is not the wrong done to the plaintiff by his direct detention, but the injury for which damages are recoverable are those which may be inflicted upon the feelings, reputation and character by a false accusation as well as that caused by arrest. This element is in many cases the gravamen of the action. (Halberstadt v. New York Life Ins. Co., 194 N. Y. 1, 7.)
The measure of damages for false arrest is such a sum as will fairly and reasonably compensate the injured person for the injuries caused by the defendant’s wrongful act. Mental suffering, including indignity, humiliation, shame and disgrace are injuries to the feelings of a person unlawfully arrested and are proper elements of damages. Also any reasonable and necessary expenses incurred, including legal expenses, are proper items of damages. (10 New York Law, Damages, §§ 829, 830.) Damages must be limited to those reasonably and proximately occasioned by the illegal detention. They may include an injury to or loss of property, loss of earnings, business or medical expenses. (22 N. Y. Jur., False Imprisonment, §§ 59, 60.)
The measure of damages in an action for malicious prosecution includes injuries to the plaintiff’s reputation and character resulting from the false accusation, and also recovery may be had on account of mental suffering and humiliation due to the wrongful charge. Also included are the reasonable legal ex *817 penses, including counsel fees. (10 New York Law, Damages, §§ 823, 824.) The damages recoverable in a malicious prosecution action, since it is an action based upon a willful or intentional act, are those directly and proximately resulting from the original wrong, even though the damages are beyond the limits of those naturally and reasonably to be anticipated. (36 N. Y. Jur., Malicious Prosecution, § 59.)
Reputation is an issue and an important element of damages in both of plaintiff’s actions for false arrest and malicious prosecution. Reputation is defined as follows: 1 ‘ The repute in which a man is held by his neighbors. The method of proving character is by showing the general reputation of the person in the neighborhood in which he lives”. (Ballentine’s Law Dictionary, [2d ed., 1940].) Webster’s New International Dictionary (2d ed.) defines reputation as: “ The estimation in which one is generally held ” — “ good name ”, Those matters which bear on the reputation and good name of a person include marital history, number of children, employment record, criminal record. These facets of an individual’s life may be a proper subject of inquiry limited only by the ordinary standards of reasonableness and relevance.
Thus the courts have reviewed a plaintiff’s reputation for 8 or 10 years prior to the incident which gave rise to the claim for false arrest. Considered on the question of damages in those cases was the fact that a stigma was put upon the reputation of a young man about to enter one of the professions, (Allen v. Fromme, 141 App. Div. 362, 365); that the claimant was a 26-year-old residing with his parents; a high school graduate with some college training, with an excellent reputation and a responsible position with a local newspaper (Tierney v. State of New York, 266 App. Div. 434, 435, affd. 292 N. Y. 523); that claimant was married and the father of four children, had a good reputation and had never been arrested and had worked in New York State since 1948, during the summer months, and at the time of his arrest was overseeing 150 migrant workers in bean picking (Williams v. State of New York, 16 Misc 2d 109, 110, affd. 9 A D 2d 415, affd. 8 N Y 2d 886).
This 30-year-old plaintiff’s reputation in the community in which she has lived for the past 9 years is a subject which is material and necessary for the defendant to examine into. To permit an unlimited examination beyond that time, however, is neither reasonable nor relevant. Defendant to submit an order accordingly.