■ RENEE GUION, Respondent, v ASSOCIATED DRY GOODS CORP. (LORD & TAYLOR DIVISION) et al., Appellants.—Judgment, Supreme Court, New York County, entered March 2, 1976, after a jury verdict, awarding to plaintiff against all defendants $10,000 compensatory damages for false arrest, and punitive damages of $5,000 and $25,000 against defendants David Gelles and Associated Dry Goods Corp., respectively, unanimously modified, on the law, the punitive damages stricken, and, as so modified, affirmed, without costs and without disbursements. Plaintiff was acquitted, after a jury trial, of a petit larceny charge following her arrest by two security officers of Lord & Taylor, a well-known New York department store. She had been accused of stealing a pair of sunglasses. Taken to a police station by the city police, she was booked, fingerprinted and released for a later court appearance. She was detained a total of approximately three hours. Plaintiff is entitled to be compensated for defendants' wrongful acts and considering that the elements of damage include mental suffering such as indignity, humiliation, shame and disgrace and loss of earnings, we feel that the award of $10,000 is not unreasonable and we therefore affirm. (See *Fields v Victory Chain Stores,* 59 Misc 2d 814, 816.) We find no justification for the punitive damages award. Shoplifting is a serious problem. Section 218 of the General

Business Law permits detention for a reasonable period without incurring liability. And although store owners may not proceed with abandon to rectify the problem, they should not be deterred from attempting to apprehend those responsible for the theft of merchandise. Furthermore, the jury did not award punitive damages against the two security officers who detained the plaintiff but only against their supervisor Gelles and against the store owner. "Punitive or exemplary damages have been allowed in cases where the wrong complained of is *morally culpable,* or is *actuated by evil* and *reprehensible motives,* not only to punish the defendant but to deter him, as well as others who might otherwise be so prompted, from indulging in similar conduct in the future" (emphasis added). *(Walker v Sheldon,* 10 NY2d 401, 404.) Two juries have found that the defendants did not proceed in a reasonable manner in detaining the plaintiff and charging her and for this she has been compensated. Finding no support in the record for the requisite proof of malice or wanton and reckless conduct, we reverse the grant of punitive damages. (See *Best v Genung's, Inc.,* 46 AD2d 550; *Sanders v Rolnick,* 188 Misc 627, affd 272 App Div 803; *Hedrick v Jebiley,* 198 NYS2d 346; 14 NY Jur, Damages, §§ 177, 179.) Concur—Kupferman, J. P., Silverman, Lane and Nunez, JJ.