OPINION OF THE COURT
 

 Jasen, J.
 

 In this action for false arrest and imprisonment against the State, we are asked to review whether the arrest of the claimant was privileged and nonactionable. In the event the arrest was not privileged, a further question is presented as to the standard of assessing damages.
 

 On March 30, 1978, State University of New York at Albany (SUNY/Albany) campus security officers, accompanied by Albany city police, arrested claimant pursuant to a John Doe warrant issued by Albany County Court. The arrest was for a rape committed by two men on December 13, 1977, at the SUNY/Albany campus.
 

 
 *216
 
 After an investigation of the rape by the campus security police and a positive identification of one Louis Rios by the victim as one of the perpetrators, on January 5, 1978 an Albany County Grand Jury indicted Louis Rios and “John Doe” as the other perpetrator. The same day, Officer O’Connor of the campus security police received a “John Doe” arrest warrant which identified the second perpetrator as “Black Male, 18 years, 5'8", 160 lbs., short Afro Hairstyle, Med. black-tone skin, poor complex. Glasses (Plastic Frame off-yellow color)”.
 

 Thereafter, Officer O’Connor continued his investigation over a period of several months in which various individuals were considered and rejected as suspects. On March 10, 1978, after viewing a photo array, the victim selected claimant’s photo out of an array of seven photos as being a “strong possibility” as the second rapist.
 

 After learning claimant’s place of residence on March 24, 1978, claimant was arrested on the morning of March 30, 1978, and immediately booked and processed at the SU-NY/Albany Department of Public Safety, and was then promptly taken to the Albany County Court where he was arraigned on the charge of first degree rape. The arrest, booking and arraignment all occurred within a matter of four hours. Subsequent to claimant’s arraignment, he was detained for a period of four days at the Albany County Jail prior to his release on bail. On June 12, 1978, the indictment against claimant was dismissed for insufficient evidence to prosecute. Claimant, thereafter, commenced this action alleging false arrest and imprisonment, malicious prosecution and libel and slander. The Court of Claims awarded the claimant $15,000 for false arrest and imprisonment and dismissed his causes of action sounding in malicious prosecution and libel and slander. The Appellate Division affirmed, stating,
 
 inter alia,
 
 that the description contained in the John Doe warrant was sufficiently vague and indistinct as to match a large number of persons; that, at the time of the arrest, the police knew the name of the person to be arrested; that hence, the 1978 John Doe warrant was invalid on its face, and arrest and imprisonment pursuant to that warrant was unlawful.
 

 
 *217
 
 The State on this appeal argues that the arrest was privileged because the warrant was issued by a court of competent jurisdiction; that the description on the John Doe warrant was sufficient and that, in any event, the courts below employed the wrong legal standard in assessing damages.
 

 The issuance of a John Doe warrant after the Albany County Grand Jury handed down an indictment against Louis Rios and a second person, whose name was unknown, was permissible, assuming that a description was provided by which that person could be identified with reasonable certainty. (CPL 120.10, subd 2.) However, approximately 20 days prior to the execution of the John Doe warrant, the police knew that the person described in the John Doe warrant was named William Dabbs, the claimant herein. Nevertheless, the John Doe warrant was never amended or reissued by the court to include “the name of the defendant to be arrested” prior to his arrest on March 30,1978, even though there was ample time to do so and no emergency, such as claimant’s suspected flight to avoid prosecution, existed which would have given the police good reason to act immediately. Under these circumstances, the failure to include the indicted person’s name on the warrant when it became known was violative of CPL 120.10 (subd 2, par [d])
 
 *
 
 and, therefore, rendered the warrant invalid on its face. Once the identity of the defendant to be arrested is known by the police, in the absence of exigent circumstances, the need for a John Doe warrant no longer exists, and the requirement of the statute that a valid warrant of arrest “must state or contain * * * (d) the name of the defendant to be arrested” must be complied with. Because of our holding that the warrant was facially invalid for failing to include claimant’s name on the arrest warrant
 
 *218
 
 after it became known, we express no view as to the sufficiency of the description contained on the warrant by which “John Doe” could be “identified with reasonable certainty” to satisfy the requirements of CPL 120.10 (subd 2).
 

 The arrest of claimant not having been made pursuant to a facially valid warrant made it incumbent upon the State to prove that the arrest was otherwise privileged. To do so, the State was required to show that the arrest was based upon probable cause.
 
 (Broughton v State of New York,
 
 37 NY2d 451, at p 458;
 
 Snead v Bonnoil,
 
 166 NY 325, 328.)
 

 The record, however, supports the affirmed finding that the police lacked probable cause to arrest the claimant and the issue is, therefore, beyond our power to review.
 
 (People v Harrison,
 
 57 NY2d 470.) Accordingly, the determination below, adjudging the State liable for false arrest and imprisonment, was proper.
 

 It was error, however, for the trial court to base its assessment of damages in part upon claimant’s four-day period of incarceration subsequent to his arraignment. As the State correctly points out, damages for false imprisonment are not recoverable after arraignment.
 
 (Broughton v State of New York, supra,
 
 at p 459;
 
 Williams v City of Buffalo,
 
 72 AD2d 952, app dsmd 49 NY2d 799.) Subsequent damages resulting from continued incarceration are attributable only to the tort of malicious prosecution, an action that was properly dismissed against the State.
 
 (Broughton v State of New York, supra; Woodard v City of Albany,
 
 81 AD2d 947.) Here, claimant spent only a few hours in jail prior to his arraignment. While he may recover a sum which reasonably compensates him for the State’s wrongful act, including loss of earnings, injury to reputation and humiliation (see
 
 Guion v Associated Dry Goods Corp. [Lord & Taylor
 
 Div.], 56 AD2d 798, affd 43 NY2d 876; see, also, 22 NY Jur, False Imprisonment, § 60, pp 499-501), claimant cannot recover for injuries other than in consequence of his prearraignment detention.
 

 Accordingly, the order of the Appellate Division should be modified by remitting the case to the Court of Claims for a redetermination of the amount of damages in accordance with this opinion and, as so modified, affirmed, with costs.
 

 
 *219
 
 Chief Judge Cooke and Judges Jones Wachtler, Meyer and Simons concur.
 

 Order modified, with costs to the State of New York, and case remitted to the Court of Claims for further proceedings in accordance with the opinion herein and, as so modified, affirmed.
 

 *
 

 CPL section 120.10 (subd 2) provides:
 
 “2.
 
 A warrant of arrest must be subscribed by the issuing judge and must state or contain (a) the name of the issuing court, and (b) the date of issuance of the warrant, and (c) the name or title of an offense charged in the underlying accusatory instrument, and (d) the name of the defendant to be arrested or, if such be unknown, any name or description by which he can be identified with reasonable certainty, and (e) the police officer or officers or peace officers appointed by the state university to whom the warrant is addressed, and (f) a direction that such officer arrest the defendant and bring him before the issuing court.”