■ SUZANNE TITUS, Respondent, v CHARLES B. HILL, as Sheriff of Cattaraugus County, et al., Appellants, et al., Defendants.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Supreme Court properly denied defendants' motion for summary judgment dismissing plaintiff's first, sec-

ond and fourth causes of action. The first cause of action alleges a claim for false arrest and imprisonment. Defendants argue that plaintiff was arrested pursuant to a facially valid warrant, proof of which defeats an action for false arrest *(Broughton v State of New York,* 37 NY2d 451, *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929; *Boose v City of Rochester,* 71 AD2d 59). The warrant on which plaintiff was arrested, however, is facially invalid. It fails to follow the statutory form prescribed by CPL 120.10 (2) in that it does not state or contain the name of the issuing court. "A warrant of arrest may be issued only by the local criminal court with which the underlying accusatory instrument has been filed, and it may be made returnable in such issuing court only." (CPL 120.30 [1].) Here, although the warrant was signed by a Cattaraugus County Court Judge who is authorized to sit as a local criminal court (CPL 10.10 [3] [g]), it otherwise bears no indication of which local criminal court was the issuing court. Since there must be strict compliance with the requirements for the issuance of a warrant of arrest, this warrant is invalid on its face *(cf., Dabbs v State of New York,* 59 NY2d 213). It follows that defendants failed to meet their burden "sufficiently to warrant the court as a matter of law in directing judgment in [their] favor" (CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557).

With respect to the second cause of action which sounds in negligence, defendants argue only that the action may not be maintained because it alleges negligent investigation or prosecution, a cause of action which is not recognized in New York *(Coyne v State of New York,* 120 AD2d 769; *Stalteri v County of Monroe,* 107 AD2d 1071). All pleadings are to be liberally construed, however, and if the pleading gives notice of the claim and states a cause of action, it is acceptable (CPLR 3013; Siegel, NY Prac § 208). The second cause of action can be read to state a claim for negligent training and supervision of employees. As such, it is actionable in New York *(Barr v County of Albany,* 50 NY2d 247).

Plaintiff's fourth cause of action properly alleges a claim under section 1983 of title 42 of the United States Code. In seeking summary judgment dismissing that cause of action, defendants rely upon this court's decisions in *Rivera v County of Monroe* (105 AD2d 1057) and *La Mar v Town of Greece* (97 AD2d 955). That reliance is misplaced. In each of those cases defendants acted pursuant to a valid warrant of arrest, and in *La Mar* plaintiff failed to allege an unconstitutional deprivation of liberty.

Supreme Court erred, however, in denying defendants' motion for summary judgment dismissing the third cause of action. The absence of probable cause for the criminal proceeding is 1 of the 4 elements of the tort of malicious prosecution which is alleged in the third cause of action *(see, Broughton v State of New York, supra,* at 457, *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929, *supra).* A Grand Jury indictment creates a presumption of probable cause which "may be overcome only by evidence establishing that the police witnesses have not made a complete and full statement of facts either to the Grand Jury or to the District Attorney, that they have misrepresented or falsified evidence, that they have withheld evidence or otherwise acted in bad faith" *(Colon v City of New York,* 60 NY2d 78, 82-83). Here, plaintiff failed to demonstrate facts sufficient to overcome the presumption created by the indictment, and summary judgment is, therefore, appropriate. (Appeal from order of Supreme Court, Cattaraugus County, Kelly, J.—summary judgment.) Present —Dillon, P. J., Callahan, Green, Pine and Lawton, JJ.