■ JOHN MCINTYRE, Respondent, v STATE OF NEW YORK, Appellant.—Mercure, J. Appeal from an order of the Court of Claims (Lyons, J.), entered September 11, 1987, which denied the State's motion for summary judgment and granted claimant summary judgment on the issue of liability.

This claim for false arrest arose when claimant was arrested pursuant to a "John Doe" warrant after an investigation into alleged gambling activities at the Broadway News store in the City of Troy, Rensselaer County. During the gambling probe, State Police Investigator Patrick Hynes visited the store and placed bets with a then-unknown individual. Hynes subsequently applied for and obtained an arrest warrant from County Court, containing on its face the following information with respect to the identity of the suspect: "JOHN DOE—White Male Slim Build—Approx. 17-18 Years Old". The accusatory instrument, annexed to the warrant, contained the following identification information: "White Male, Slim build, Approx. 17-18 Years of Age—To be identified by said Complainant [Hynes]". Claimant was thereafter arrested by another investigator in the presence of Hynes, who

identified him as the suspect. The charge against claimant, promoting gambling in the second degree, was ultimately dismissed. Claimant filed a claim against the State, which moved for summary judgment dismissing the claim, arguing that the arrest was based upon a valid warrant. Claimant did not file a cross motion for relief in his favor but, instead, an affirmation in opposition which stated "there is clearly an issue of fact as to the facial sufficiency of the description contained in the warrant". The Court of Claims denied the State's motion and granted summary judgment in favor of claimant on the issue of liability. This appeal by the State ensued.

Initially, the State contends that the warrant of arrest, at least as supplemented by the annexed accusatory instrument, did contain a sufficiently particularized description of the person to be arrested. We disagree. For an arrest warrant to be valid, it must follow the statutory form contained in CPL 120.10 (2) *(Boose v City of Rochester,* 71 AD2d 59, 66), which provides that a warrant of arrest "must state or contain * * * the name of the defendant to be arrested or, *if such be unknown,* any name or description by which he can be identified with reasonable certainty" (emphasis supplied). The description of the suspect contained on the face of the warrant was "sufficiently vague and indistinct as to match a large number of persons" *(Dabbs v State of New York,* 88 AD2d 1093, 1094, *mod* 59 NY2d 213), rendering the warrant facially defective. In our view, the Court of Claims correctly determined that the statute requires the requisite information to be set forth on the warrant itself. We find nothing to support the State's contention that the Legislature intended to permit supplementation of the warrant by information contained in documents annexed to the warrant. Because of our holding that the requisite information must be set forth on the face of the warrant, we express no view as to the sufficiency of the description contained in the accusatory instrument.

Next, the State contends that even if the warrant was not valid, there existed probable cause sufficient to justify the arrest, since the arresting officer had reasonable grounds to believe that the suspect committed the crime charged *(see, Broughton v State of New York,* 37 NY2d 451, 458, *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929; *Smith v County of Nassau,* 34 NY2d 18, 23). Claimant counters that the State is precluded from raising this issue on appeal due to its failure to affirmatively plead the defense of justification. It is true that "[a]s a matter of pleading the defendant has the burden

of proving legal justification as an affirmative defense and the defendant will be precluded from introducing such evidence under a general denial" *(Broughton v State of New York, supra,* at 458). However, upon a motion for summary judgment, the decision must be based upon the facts and not upon the pleadings. A party is not permitted to avail himself of an imperfection in the pleading of his adversary to deprive the latter of a trial on an issue of fact *(see, Curry v Mackenzie,* 239 NY 267). Indeed, defendants have been allowed to amend their answers and plead the affirmative defense of justification during trial even after the plaintiff has rested *(see, Sindle v New York City Tr. Auth.,* 33 NY2d 293, 296; *cf., Loomis v City of Binghamton,* 43 AD2d 764, 765, *appeal dismissed* 34 NY2d 537). There was an affidavit before the Court of Claims demonstrating that Hynes actually placed bets with claimant, giving him probable cause to arrest claimant without a warrant *(see, People v Valentine,* 17 NY2d 128).

The Court of Claims clearly had the power, in a proper case, to search the record and to grant summary judgment to a nonmoving party (CPLR 3212 [b]; Siegel, NY Prac § 282, at 339; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3212.08). In our view, this was not an appropriate case for the granting of such relief. The State relied on a dispositive defense essentially demonstrated by documentary evidence and was not placed on notice of the need to develop facts on any particular issue. Under the circumstances, the drastic relief of summary judgment is inappropriate, particularly bearing in mind that the limited function of the court on such a motion is issue finding *(Cruz v American Export Lines,* 67 NY2d 1, 13, *cert denied sub nom. Bussanich v United States Lines,* 476 US 1170). Summary judgment should not be granted where there is any doubt as to the existence of a triable issue *(see, Barrett v Jacobs,* 255 NY 520, 522; *Moskowitz v Garlock,* 23 AD2d 943, 944). In our view, there are questions of fact requiring a trial.

Order modified, on the law, without costs, by reversing so much thereof as granted claimant summary judgment on all issues of liability, and, as so modified, affirmed. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.