■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WENDY BUMMER SMYTHE, Appellant.—Judgment unanimously affirmed. Memorandum: None of the issues raised by defendant on appeal warrants reversal. We find no reason to disturb the suppression court's finding that defendant's statement to the police disclosing the whereabouts of the body of the victim was voluntarily made. Defendant did not preserve for review her contention that certain testimony of a People's witness was hearsay. In any event, the testimony was not hearsay because it constituted evidence of the victim's intent to meet with defendant *(see, People v Malizia,* 92 AD2d 154, 160, *affd* 62 NY2d 755, *cert denied* 469 US 932). Testimony concerning the possession of stolen property by defendant in the presence of the victim was admitted to prove one of the elements of the crime of intimidating a witness *(see,* Penal Law § 215.17 [2]), and also to prove a motive for the murder. The alleged improper remark by the prosecutor on cross-examination of defendant did not deprive defendant of a fair trial. The court sustained defense counsel's objection to the

question and gave a prompt curative instruction, which dispelled any claim of prejudice to defendant. The sentence was not harsh and excessive.

Finally, the court properly denied defendant's motion to suppress the evidence seized as a result of the execution of a search warrant. The contention that the search warrant was executed after 9:00 P.M. was not preserved for review because it was not raised at the suppression hearing *(see, People v Gonzalez,* 55 NY2d 887; *People v Smith,* 145 AD2d 517, *lv denied* 73 NY2d 1022). Moreover, the return and inventory shows that the warrant was executed at 7:00 P.M. Defendant erroneously contends that the search warrant was defective because it failed to contain "[t]he name of the issuing court" (CPL 690.45 [1]). The warrant substantially complied with the mandate of CPL 690.45. Its stated venue was in Erie County and it was signed by a County Court Judge of Erie County who was designated as "JCC" *(see, People v Pizzuto,* 101 AD2d 1024). Contrary to defendant's contention, the warrant was issued upon probable cause. Defendant's argument that there was no verification of the informant's reliability fails because the informant was an identifiable citizen *(People v Cantre,* 95 AD2d 522, *affd on opn below* 65 NY2d 790). (Appeal from Judgment of Erie County Court, D'Amico, J.—Murder, 2nd Degree.) Present—Doerr, J. P., Boomer, Balio, Lawton and Davis, JJ.