OPINION OF THE COURT
Teresa D. Johnson, J.
Defendants Rudolph Johnson and Dion Taylor have filed omnibus motions in this court seeking various forms of relief. *228 Among other things, defendants seek an order excluding from evidence certain tangible property seized during the execution of a search warrant issued on March 30, 1994 by Honorable Charles T. Maloy, Monroe County Court Judge. One of the asserted bases for the request to suppress tangible evidence is that the search warrant was issued improperly by a superior court which lacked jurisdiction to do so.
The issuance of search warrants is governed by the provisions of CPL article 690. CPL 690.05 vests sole authority for the issuance of search warrants in a local criminal court (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 690.05, at 362 [1984]), and provides: "1. Under circumstances prescribed in this article, a local criminal court may, upon application of a police officer, a district attorney or other public servant acting in the course of his official duties, issue a search warrant.” (Emphasis added.)
As defined in CPL 10.10 (3) (c), (f) and (g), a "local criminal court” may properly include a "city court” as well as a Supreme Court Justice and a County Court Judge, sitting as a "local criminal court”. Further, CPL 10.20 (3) (c) specifically allows that superior court Judges may, in the exercise of their discretion, sit as local criminal courts for the purposes of "issuing search warrants, as provided in article six hundred ninety of this chapter.”
Defendants do not allege any abuse of discretion in the issuance of the instant search warrant. Instead, they contend that the warrant, upon review, reveals nothing to suggest that Judge Maloy issued the warrant pursuant to his discretionary authority to act as a local criminal court. Defendants further contend that because the name of the issuing court is nowhere stated on the warrant and Judge Maloy signed the warrant as "Monroe County Court Judge” the warrant fails to meet the statutory requirements set forth in CPL 690.45 (1), as regards form and content of search warrants.
CPL 690.45 (1) states that every search warrant "must contain the name of the issuing court and, except where the search warrant has been obtained on an oral application, the subscription of the issuing judge.” Any property seized pursuant to a search warrant must be delivered to the court which issued the warrant (CPL 690.05 [2] [a]).
In Titus v Hill (134 AD2d 911, 912 [4th Dept 1987]), upon which defendants rely, the Court held the failure of an arrest warrant to contain the name of the issuing court to be fatal to *229 the claim that the arrest had been pursuant to a facially valid warrant: "The warrant on which plaintiff was arrested, however, is facially invalid. It fails to follow the statutory form prescribed by CPL 120.10 (2) in that it does not state or contain the name of the issuing court. 'A warrant of arrest may be issued only by the local criminal court with which the underlying accusatory instrument has been filed, and it may be made returnable in such issuing court only.’ (CPL 120.30 [1].) Here, although the warrant was signed by a Cattaraugas County Court Judge who is authorized to sit as a local criminal court (CPL 10.10 [3] [g]), it otherwise bears no indication of which local criminal court was the issuing court. Since there must be strict compliance with the requirements for the issuance of a warrant of arrest, this warrant is invalid on its face (cf., Dabbs v State of New York, 59 NY2d 213). It follows that defendants failed to meet their burden 'sufficiently to warrant the court as a matter of law in directing judgment in [their] favor’ (CPLR 3212 [b]; Zuckerman v City of New York, 49 NY2d 557).”
This reasoning is applicable with equal force to the analogous situation presented by the instant search warrant.
This court is aware of certain case law in which "substantial compliance” with the mandate of CPL 690.45 (1) has been deemed sufficient. (See, People v Smythe, 172 AD2d 1028 [4th Dept 1991]; People v Pizzuto, 101 AD2d 1024 [4th Dept 1984].) In People v Smythe (supra, at 1029), the search warrant in question was held to substantially comply with the requirements of CPL 690.45 (1) because "[i]ts stated venue was in Erie County and it was signed by a County Court Judge * * * who was designated as 'JCC’ ”. In People v Pizzuto (supra, at 1025), the Court ruled that the defendant failed to preserve his claim that because the space intended for designation of the issuing court was left blank, the search warrant and supporting affidavits were defective. Nonetheless, the Court went on further to state that: "In any event, the error is technical and of no significance because both documents bear the signature, 'H. Buswell Roberts, J.C.C.’, and the warrant further commands that the fruits of the search be brought before Buffalo City Court and states that it was dated 'the 15 day of May, 1981 at Buffalo City Court’, thus substantially complying with the requirements of CPL 690.35 (subd 2, par [a]) and 690.45 (subd 1)”.
The instant search warrant fails to contain any combination of those factors relied upon by the courts in the aforemen *230 tioned cases as indicators of the identity of the issuing court and is, therefore, distinguishable. Here, the words "City of Rochester” which appear on the face of the warrant are insufficient to meet the statutory requirements set forth in CPL 690.45 (1). There is no indication anywhere of any local court that is the issuing court for the warrant. Defendants’ motions are hereby granted.