OPINION OF THE COURT
Donald J. Mark, J.
This is an application by the defendant, who is charged with criminal possession of a controlled substance, second degree, and criminal possession of marihuana, first degree, pursuant to CPL 710.20 (1), to suppress evidence seized as a result of an allegedly defective search warrant.
The caption of the search warrant was "State of New York, *980 County of Monroe, City of Rochester”; no court was specified.[1] The warrant was subscribed "John J. Connell, Monroe County Court Judge”. The defendant attacks the search warrant, because, although it was issued by a County Court Judge, it did not recite that it was issued by a County Court Judge sitting as a local criminal court.
The following law is applicable to the issuance of search warrants: CPL 690.35 (2) provides:
"The application shall be made to:
"(a) A local criminal court, as defined in section 10.10”.
CPL 10.10 (2) provides:
" 'Superior court’ means * * *
"(b) A county court”.
CPL 10.10 (3) provides:
" 'Local criminal court’ means:
"(g) A county judge sitting as a local criminal court.”
CPL 10.20 (3) provides:
"Superior court judges may, in their discretion, sit as local criminal courts for the following purposes * * *
"(c) issuing search warrants”.
The simple issue presented is whether these sections mandate that this search warrant be found to be invalid, because its caption should have read: "State of New York, County Court of Monroe County, sitting as the City Court of the City of Rochester”, regardless of the fact that it was signed by a County Court Judge.
People v Johnson (165 Misc 2d 227), interpreting the applicable CPL sections and citing People v Smythe (172 AD2d 1028, lv denied 78 NY2d 927, supra), Titus v Hill (134 AD2d 911, supra), and People v Pizzuto (101 AD2d 1024, supra), resolved this issue in favor of invalidity.
However, People v Video (65 NY2d 566, revd on other grounds 475 US 868), by indirection, and People v Carson (216 AD2d 965, lv denied 86 NY2d 791),[2] by implication, resolved this issue in favor of validity.
In Video (supra) the caption of the search warrant read, "Supreme Court, County of Erie, New York”, and it was signed *981 by a Supreme Court Justice. After the warrant was executed, the defendant was charged with obscenity in the third degree, so the trial jurisdiction vested in a Village Court in Erie County. In the course of deciding that the Village Court could properly determine the legality of a Supreme Court warrant, the Court of Appeals held that "the Supreme Court Justice was authorized to issue this warrant because at the time he did so he was exercising preliminary — not trial — jurisdiction of the local criminal court, as the Criminal Procedure Law permits him to do” (at 569).
The caption of the search warrant in Carson (supra) read, "State of New York, County of Monroe, County Court”, and it was signed by a County Court Judge. In his brief on appeal, the defendant specifically argued that "[n]owhere on the warrant or application for the warrant is there any indication that the issuing county court judge was sitting as a local court judge at the time the warrant was issued”. The appellate court rejected the defendant’s contention that County Court was not acting as a local criminal court at the time it issued the search warrant and that the warrant was defective for that reason.
The search warrants in both Video and Carson (supra) did not recite that the respective superior courts were sitting as local criminal courts at the time of their issuance, yet there was no determination that they were defective as a result thereof.
The defendant’s attempt to distinguish Carson (supra) from this case must fail. The defendant claims that in Carson there is no indication that the search warrant did not designate the court to which the warrant was to be returned, which he alleges is the situation in this case. The warrant in Carson provided: "any property seized pursuant thereto shall be returned and delivered to this court”. The warrant involved here provides: "If any such property is found, you are directed to * * * return and deliver to this court such property”.[3]
Accordingly, the application of the defendant to suppress evidence seized as the result of an allegedly facially deficient search warrant is denied.

. This omission is not fatal (People v Smythe, 172 AD2d 1028, lv denied 78 NY2d 927; People v Pizzuto, 101 AD2d 1024; but see, Titus v Hill, 134 AD2d 911).

. People v Carson (216 AD2d 965, lv denied 86 NY2d 791, supra) was decided after People v Johnson (165 Misc 2d 227, supra) and People v Video (65 NY2d 566, revd on other grounds 475 US 868, supra) was not referred to in Johnson.

. The only difference between the two search warrants is that Carson (supra) designates "County Court” whereas this warrant is silent as to the court; since a County Court Judge signed the warrant, this oversight is irrelevant (authority demonstrated by cases supra, n 1).