■ PAUL J. G. et al., Respondents-Appellants, v COUNTY OF NASSAU et al., Appellants-Respondents. [711 NYS2d 20] —In an action, inter alia, to recover damages for false arrest, malicious prosecution, and violation of 42 USC § 1983, the defendants appeal (1) as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Lally, J.), dated September 30, 1998, as granted that branch of the plaintiffs' motion which was to set aside a jury verdict on the cause of action alleging false arrest and awarded judgment to the plaintiffs on that cause of action, and (2) from a decision of the same court dated February 3, 1999, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as denied that branch of their motion which was to set aside the verdict on the cause of action alleging malicious prosecution and awarded judgment as a matter of law to the defendants, denied their motion for judgment as a matter of law on the plaintiff Kaia G.'s cause of action pursuant to 42 USC § 1983, and awarded judgment in favor of the defendants on that cause of action, and from the same decision.

Ordered that the appeal and cross appeal from the decision are dismissed, without costs or disbursements, as no appeal or cross appeal lies from a decision (*see, Schicci v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the order is modified by (1) deleting the provisions thereof granting that branch of the plaintiffs' motion which was to set aside the verdict as to the cause of action alleging false arrest and awarding judgment to the plaintiffs on that cause of action and substituting therefor a provision denying that branch of the motion, and (2) deleting the provision thereof denying that branch of the plaintiffs' motion which was to set aside the verdict as to the cause of action alleging malicious prosecution and substituting therefor provisions granting that branch of the motion and awarding judgment to the plaintiffs on that cause of action; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

There is evidence from which a jury could determine that the police possessed probable cause to arrest the plaintiff Paul J. G. (hereinafter Paul) (*see, People v Bigelow,* 66 NY2d 417, 423). Accordingly, the Supreme Court erred in setting aside the verdict in favor of the defendants as to the cause of action alleging false arrest (*see, Dabbs v State of New York,* 59 NY2d 213, 218; *Broughton v State of New York,* 37 NY2d 451) and in awarding judgment to the plaintiffs on that cause of action (*see, Cohen v Hallmark Cards,* 45 NY2d 493; *Nicastro v Park,* 113 AD2d 129).

However, as to the plaintiffs' cause of action alleging malicious prosecution, we find no rational basis for the jury's determination that the criminal proceedings against Paul for a violation of Penal Law § 263.15, instituted and continued without probable cause, were done so without malice (*see, Broughton v State of New York, supra*).

The information obtained by the police concerning Paul's guilt was extremely limited, and, proceeding on the advice of the Office of the District Attorney and on the assumption that certain photographs amounted to a "lewd exhibition of the genitals" as required by Penal Law § 263.15, the police commenced an investigation which resulted in Paul's arrest. Shortly after the criminal proceeding was commenced, a favorable psychiatric evaluation of Paul was made available to the court and the District Attorney. Moreover, several months later, the Department of Social Services made its own determination that the charges were unfounded.

Rather than dismiss the charges, the Office of the District Attorney made numerous attempts to plea bargain, first offering to reduce the charge to a misdemeanor, then offering to reduce the charge to a violation, then to a violation with the records sealed, and, finally, to adjourn the matter in contemplation of dismissal. The prosecution twice scheduled the matter to be presented to a Grand Jury. However, on both occasions, the matter was adjourned by the prosecution. After the second adjournment, the Assistant District Attorney presenting the case informed the plaintiffs' counsel that the matter could not be presented to the Grand Jury because there was no evidence of criminality. After this admission by the Assistant District Attorney, the Office of the District Attorney still failed to dismiss the action and forced the plaintiffs to wait six months and apply for a dismissal based upon deprivation of the right to a speedy trial.

The actions of the District Attorney demonstrate a reckless disregard for the rights of the plaintiffs (see, Jestic v Long Is. Sav. Bank, 81 AD2d 255, 258) and are indicative of "actions inconsistent with proper motives" (see, Nardelli v Stamberg, 44 NY2d 500, 502; Martin v Albany, 42 NY2d 13). Accordingly, the trial court should have set aside the verdict as to the cause of action sounding in malicious prosecution and directed a verdict in the plaintiffs' favor with respect thereto.

We agree that the plaintiffs failed to properly plead Kaia G.'s cause of action pursuant to 42 USC § 1983 (see, Monell v Department of Social Servs., 436 US 658, 694; Batista v Rodriguez, 702 F2d 393, 397). Accordingly, the Supreme Court properly awarded judgment to the defendants on that cause of action.

The plaintiffs' remaining contention is without merit. Altman, J. P., Florio, H. Miller and Schmidt, JJ., concur.