■ GINGER SCHAEDTLER, Respondent, v STEPHEN M. SCHAEDTLER, Appellant. [886 NYS2d 634]—In an action for a

divorce and ancillary relief, the defendant appeals, by permission, from an order of the Supreme Court, Suffolk County (MacKenzie, J.), dated July 14, 2008, which granted the plaintiff's application, in effect, pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendant on the plaintiff's cause of action for a divorce on the ground of cruel and inhuman treatment and for judgment as a matter of law on that cause of action.

Ordered that the order is reversed, on the law and the facts, with costs, the plaintiff's application, in effect, pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law is denied, and the jury verdict on the plaintiff's cause of action for a divorce on the ground of cruel and inhuman treatment is reinstated.

The Supreme Court applied an incorrect standard in considering the plaintiff's application, in effect, pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law (*see Cohen v Hallmark Cards*, 45 NY2d 493, 498-499 [1978]). Furthermore, when applying the proper standard, and viewing the evidence in the light most favorable to the defendant, the jury verdict finding, in effect, that the plaintiff was not entitled to a divorce on the ground of cruel and inhuman treatment had a rational basis (*see Cohen v Hallmark Cards*, 45 NY2d at 498-499; *cf. Paul J.G. v County of Nassau*, 274 AD2d 414, 415 [2000]). Moreover, contrary to the Supreme Court's determination, the jury verdict was supported by a fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Nicastro v Park*, 113 AD2d 129, 134 [1985]; *cf. Frances G. v Vincent G.*, 145 AD2d 599, 599-600 [1988]). Accordingly, the Supreme Court should not have disturbed the verdict (*see* CPLR 4404 [a]). Skelos, J.P., Covello, Santucci and Balkin, JJ., concur.