People v Mayhew (2021 NY Slip Op 01807)





People v Mayhew


2021 NY Slip Op 01807


Decided on March 25, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 25, 2021

109535B

[*1]The People of the State of New York, Respondent,
v
Willie Q. Mayhew, Appellant.

Calendar Date: February 5, 2021

Before: Garry, P.J., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Marlene O. Tuczinski, Chatham, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Jessica L. Maulucci of counsel), for respondent.



Lynch, J.
Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered September 16, 2016, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
Following an investigation stemming from a fatal drug overdose, police obtained a search warrant for defendant's home. Upon executing the warrant, police uncovered, among other things, a pistol and heroin. Defendant was charged by indictment with criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and two counts of criminal possession of a controlled substance in the third degree. Pursuant to a negotiated plea agreement, defendant pleaded guilty to criminal possession of a weapon in the second degree. Defendant was sentenced, as a second felony offender, to the agreed-upon prison term of six years, followed by five years of postrelease supervision. Defendant appeals.[FN1]
Defendant contends that counsel's failure to challenge the validity of the search warrant deprived him of the effective assistance of counsel, arguing that the warrant was facially invalid under CPL 690.35 (2) and was not supported by probable cause. To the extent that defendant's claim of ineffective assistance of counsel implicates the voluntariness of his plea, it is unpreserved for our review insofar as the record does not reflect that he made an appropriate postallocution motion to vacate the plea despite an opportunity to do so (see People v Lafond, 189 AD3d 1824, 1825 [2020]; People v Horton, 173 AD3d 1342, 1343 [2019], lv denied 34 NY3d 932 [2019]; People v Brown, 170 AD3d 1375, 1376-1377 [2019], lv denied 33 NY3d 1029 [2019]; People v Fiske, 68 AD3d 1149, 1150 [2009], lv denied 14 NY3d 800 [2010]). The narrow exception to the preservation rule does not apply, as defendant did not make any statements during the plea colloquy that negated an element of the crime [FN2] or that otherwise called into question the voluntariness of his plea (see People v Pastor, 28 NY3d 1089, 1090-1091 [2016]; People v Drake, 179 AD3d 1221, 1222 [2020], lv denied 35 NY3d 941 [2020]).
Although recognizing that his argument is unpreserved, defendant asks this Court to take corrective action by vacating the plea in the interest of justice (see CPL 470.15 [3] [c]). We deny defendant's request to do so, as counsel was not ineffective in failing to challenge the validity of the search warrant. CPL 690.35 (2) (a) requires an application for a search warrant to be made to a "local criminal court." A local criminal court means, as relevant here, a city court or "[a] county judge sitting as a local criminal court" (CPL 10.10 [3] [c], [g]; see CPL 10.20 [3] [c]). Here, a police sergeant submitted a warrant application to Judge Steven Forrest — a Judge of the Elmira City Court — and requested that "[t]he [c]ourt" issue a search warrant for defendant's residence. The warrant listed the issuing judge as "Elmira City Court Judge Steven [*2]Forrest" and required any property seized pursuant to its authority to be returned to "th[e] court." A preprinted statement below the signature line also listed Judge Forrest as Elmira City Court Judge, but he signed the warrant as "Acting Chemung County Court Judge." In these circumstances, Judge Forrest was authorized to issue the search warrant regardless of whether he was sitting as a City Court Judge or as an Acting County Judge insofar as he was exercising the preliminary jurisdiction of the local criminal court (see CPL 10.10 [3] [c]; 10.20 [3] [c]; see generally People v P.J. Video, 65 NY2d 566, 569 [1985], revd on other grounds 475 US 868 [1986]; People v Rhoades, 166 Misc 2d 979, 980 [1995]; compare Titus v Hill, 134 AD2d 911, 912 [1987]). Moreover, contrary to defendant's contention, the sworn statements of two confidential informants submitted in conjunction with the warrant application satisfied the Aguilar-Spinelli test (see Spinelli v United States, 393 US 410 [1969]; Aguilar v Texas, 378 US 108 [1964]) and provided probable cause to believe that Perc 30 pills would be found in defendant's residence. Therefore, as success on a motion attacking the validity of the search warrant would be unlikely, trial counsel did not render ineffective assistance and there is no cause to vacate the plea in the interest of justice (see People v Caban, 5 NY3d 143, 152 [2005]; People v Stultz, 2 NY3d 277, 287 [2004]; People v Spencer, 169 AD3d 1268, 1271 [2019], lvs denied 34 NY3d 935, 938 [2019]).
Garry, P.J., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: The prior counsel assigned to represent defendant on the appeal filed an Anders brief contending that there were no nonfrivolous issues that could be raised. This Court rejected counsel's Anders brief, withheld decision and assigned new counsel to represent defendant on the appeal (176 AD3d 1316 [2019]).

Footnote 2: When asked during the plea colloquy whether the firearm was loaded at the time the police found it, defendant stated, "I think so, yes." However, when County Court inquired further, defendant unequivocally confirmed that the firearm was loaded (see People v Lopez, 71 NY2d 662, 666 [1988]).