People v Vivona (2021 NY Slip Op 06392)





People v Vivona


2021 NY Slip Op 06392


Decided on November 18, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 18, 2021

110409
[*1]The People of the State of New York, Respondent,
v
Vito F. Vivona, Appellant.

Calendar Date:October 15, 2021

Before:Egan Jr., J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant, and appellant pro se.
Karen A. Heggen, District Attorney, Ballston Spa (Gordon W. Eddy of counsel), for respondent.



Clark, J.
Appeal from a judgment of the County Court of Saratoga County (Murphy III, J.), rendered March 19, 2018, convicting defendant upon his plea of guilty of the crime of grand larceny in the third degree.
In December 2017, defendant pleaded guilty to grand larceny in the third degree with the understanding that he would be sentenced to six months in jail followed by five years of probation. The plea agreement also required defendant to waive his right to appeal. While released on bail pending sentencing, defendant was arrested on new charges, prompting the People to seek an enhanced sentence as to the grand larceny conviction. After defendant admitted that he violated County Court's Parker warnings and declined an Outley hearing, County Court sentenced defendant to a prison term of 1 to 3 years. This appeal ensued.
We agree with defendant that his waiver of the right to appeal is invalid and, therefore, his challenge to the severity of his sentence is not precluded (see People v Smith, 193 AD3d 1114, 1115 [2021]; People v Mosher, 191 AD3d 1170, 1171 [2021], lv denied 37 NY3d 959 [2021]). However, defendant's pro se submissions reveal, and the records of the Department of Corrections and Community Supervision confirm, that defendant has been released from prison, has been discharged from parole and has reached the maximum expiration date of his sentence. Hence, defendant's claim that the sentence imposed was harsh and excessive is moot (see e.g. People v Taylor, 194 AD3d 1264, 1266 [2021], lv denied 37 NY3d 975 [2021]; People v Parker, 156 AD3d 1059, 1060 [2017]; People v Cancer, 132 AD3d 1019, 1020 [2015]).
Defendant's pro se ineffective assistance of counsel claim — to the extent that it implicates the voluntariness of his plea — is unpreserved for our review absent evidence of an appropriate postallocution motion (see People v Mayhew, 192 AD3d 1391, 1392 [2021]; People v Aponte, 190 AD3d 1031, 1033 [2021], lvs denied 37 NY3d 953, 959, 960 [2021]), and the narrow exception to the preservation rule is inapplicable (see People v Avera, 192 AD3d 1382, 1382-1383 [2021], lv denied 37 NY3d 953 [2021]; People v Crossley, 191 AD3d 1046, 1047 [2021], lv denied 37 NY3d 991 [2021]). In any event, this claim is largely premised upon counsel's alleged failure to protest the underlying Parker violation and to argue for leniency at sentencing. As noted previously, defendant admitted that he violated County Court's Parker warnings and expressly declined an Outley hearing, and the record reflects that County Court was well aware — prior to imposing sentence — of both defendant's medical conditions and the circumstances giving rise to defendant's criminal misconduct. To the extent that defendant argues that his medical conditions, as well as his efforts to make restitution, militated against a term of imprisonment, this argument is addressed to the severity of the sentence imposed — an issue that we have determined to be moot. Defendant's remaining pro [*2]se contentions, including his assertion that his felony conviction should be reduced to a misdemeanor in the interest of justice, have been examined and found to be lacking in merit.
Egan Jr., J.P., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.