■ SHAWN HUGGINS, Appellant, v LONNIE DANIELS, Respondent. [655 NYS2d 593] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Doyle, J.), dated August 7, 1996, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) a judgment of the same court, entered September 5, 1996, upon the order.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order is vacated, and the defendant's motion for summary judgment is denied; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

On April 4, 1992, the plaintiff was riding his bicycle when he was struck by the defendant's motor vehicle at the intersection of Main Street and Route 112 in Patchogue. The defendant moved for summary judgment on the ground that the plaintiff did not sustain a serious injury as defined by Insurance Law § 5102 (d).

In opposition, the plaintiff submitted an affidavit by his treating neurologist, Dr. Philip Su, who treated the plaintiff for over three years following the accident. Dr. Su's affidavit indicated that as a result of the accident, the plaintiff suffered a loss of motion of between 40% and 50% in his lumbosacral spine, and that this loss was significant and permanent. This affidavit was sufficient to raise a triable issue of fact as to whether the plaintiff sustained a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]; *see, Pareti v Giglietta,* 221 AD2d 607; *Mendola v Demetres,* 212 AD2d 515). Rosenblatt, J. P., Copertino, Pizzuto, Krausman and Florio, JJ., concur.