MARGARITA GRULLON, Respondent, v CHANG OK CHU et al., Appellants. [657 NYS2d 776] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Rappaport, J.), dated November 26, 1996, which granted the plaintiff's motion to vacate an order of the same court, dated October 15, 1996, entered upon her default in personally appearing on the adjourned return date of the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury as defined by the Insurance Law.

Ordered that the order is affirmed, with costs.

The defendants contend that the court erred in vacating the order dated October 15, 1996, entered upon the plaintiff's default in personally appearing on the adjourned return date of the defendants' motion for summary judgment because she failed to establish the threshold requirement of demonstrating she sustained a serious injury as defined by Insurance Law § 5102 (d). We disagree. The plaintiff presented an affidavit from a physician who concluded, based upon his examinations of the plaintiff and a review of her medical records, that she had restricted motion of her lumbosacral spine of 35 to 40 degrees and that such limitation of movement was significant and permanent. This evidence was sufficient to establish prima facie that the plaintiff suffered a serious injury *(see, Lopez v*

*Senatore,* 65 NY2d 1017; *Huggins v Daniels,* 237 AD2d 491; *Puma v Player,* 233 AD2d 308). Accordingly, the Supreme Court properly granted the plaintiff's motion and vacated the order dated October 15, 1996. Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ., concur.