■ DAMITH HERNANDEZ, Appellant, v DANIEL R. BURKITT, Respondent, et al., Defendant. [706 NYS2d 456] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated April 28, 1999, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and denied as academic his cross motion for partial summary judgment on the issue of liability. The appeal brings up for review so much of an order of the same court, dated August 16, 1999, as, upon reargument, adhered to the original determination (*see,* CPLR 5517 [b]).

Ordered that the appeal from the order dated April 28, 1999, is dismissed, as that order was superseded by the order dated August 16, 1999, made upon reargument; and it is further,

Ordered that the order dated August 16, 1999, is reversed insofar as reviewed, on the law, upon reargument, the motion is denied, the cross motion is granted, and the order dated April 28, 1999, is vacated; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The defendant submitted sufficient evidence to make out a prima facie case that the plaintiff did not sustain a serious injury as a matter of law (see, Gaddy v Eyler, 79 NY2d 955; Licari v Elliott, 57 NY2d 230). The plaintiff, however, then submitted the affidavit of his treating chiropractor, Dr. Gustavo A. Mejia, who concluded, based upon a physical examination of the plaintiff and a review of his medical records, that the plaintiff had sustained restrictions of his range of motion in his cervical and lumbar spines of up to 50% in some places as a result of the accident, and that these injuries were significant and permanent. This evidence was sufficient to raise a triable issue of fact as to whether the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) (see, Grullon v Chang Ok Chu, 240 AD2d 367; Huggins v Daniels, 237 AD2d 491; Puma v Player, 233 AD2d 308).

The defendant was under a duty to maintain a safe distance between his vehicle and the vehicle operated by the plaintiff (see, Vehicle and Traffic Law § 1129 [a]). The defendant's failure to do so, in the absence of an adequate explanation, constituted negligence as a matter of law (see, Power v Hupart, 260 AD2d 458; Zakutny v Gomez, 258 AD2d 521; Rebecchi v Whitmore, 172 AD2d 600). In opposition to the plaintiff's cross motion for partial summary judgment on the issue of liability, the defendant failed to provide any nonnegligent explanation for the happening of the accident. The plaintiff was therefore entitled to partial summary judgment on the issue of liability. Mangano, P. J., Santucci, Krausman and Florio, JJ., concur.