OPINION OF THE COURT
Ute Wolff Lally, J.
It is ordered that this motion by plaintiff for an order pursuant to CPLR 3215 directing the entry of a default judgment and an immediate trial on the issue of damages, and the further omnibus motion for an order pursuant to CPLR 3212 granting summary judgment in favor of plaintiff against defendants on the issue of liability only, are both denied.
Cross motion by defendants for an order pursuant to CPLR 2004 and 3012 (d) vacating their default in answering and compelling plaintiff to accept their answer as timely and, thereafter, for an order pursuant to CPLR 3212 granting defendants summary judgment dismissing the complaint on the grounds of res judicata and qualified immunity, is granted.
The summons and complaint herein were served on August 16, 2000. Nine days after defendants’ time to serve a responsive pleading passed without service of an answer, plaintiff served the instant motion for a default judgment. Eleven days later defendants served their answer and less than two weeks later served their cross motion herein.
Where, as here, the defendants have demonstrated a meritorious defense and served an answer within a relatively short period of time after service of the complaint, and no prejudice resulted from the delay, vacatur of a default in answering is appropriate (Paradiso & Assocs. v Tamarin, 210 AD2d 386; see, Tugendhaft v Country Estates Assocs., 111 AD2d 846). Based on the foregoing and this State’s clear public policy in favor of resolving cases on the merits, defendants’ 20-day delay in serving the answer should be excused (Kaiser v Delaney, 255 AD2d 362; see also, Van Man Adhesives Corp. v City of New *735 York, 236 AD2d 465). Accordingly, plaintiffs motion for a default judgment is denied and defendants’ cross motion for an order vacating the default and compelling plaintiff to accept defendants’ answer is granted.
Turning to the procedural background of this case, both sides agree that plaintiff Kaia Galante previously alleged a claim for violation of her civil rights pursuant to 42 USC § 1983 in the action entitled Galante v County of Nassau (index No. 2975/98 [the prior action]). Kaia’s previous claim was based on the same incident as her claim herein, namely, the alleged improper interrogation and physical examination of her at the age of three by defendants, without her parents’ knowledge or consent. The County of Nassau (Nassau), Nassau County Police Department (Police Department) and Nassau County Department of Social Services (Social Services) were defendants in the prior action. As Kaia’s civil rights claim was dismissed after trial in the prior action, these defendants seek dismissal of Kaia’s claim herein on the basis of res judicata.
The doctrine of res judicata is “grounded on the premise that once a person has been afforded a full and fair opportunity to litigate a particular issue, that person may not be permitted to do so again” (Gramatan Home Investors Corp. v Lopez, 46 NY2d 481, 485). Because the consequences of a finding of res judicata are so serious, strict requirements for application of the doctrine must be met. Those requirements are:
(1) a showing that the party against whom the doctrine is sought to be invoked had been afforded a full and fair opportunity to litigate the prior determination; and
(2) proof that the issue in the prior determination is identical (Gramatan, supra, at 485; see also, Kaufman v Eli Lilly & Co., 65 NY2d 449, 455).
Both of these requirements are met herein. In the prior action Kaia’s claim was dismissed after a full jury trial on the merits followed by plaintiffs’ posttrial motion for a directed verdict. Indeed, the dismissal of Kaia’s 1983 claim was further litigated in an appeal, where the dismissal was upheld (Paul J. G. v County of Nassau, 274 AD2d 414). Under these circumstances, the court is compelled to conclude that Kaia has been afforded a full and fair opportunity to litigate the prior determination.
That the issue in the prior determination is identical to the issue presented herein is most obvious when plaintiffs’ brief on appeal in the prior action is reviewed. There, Kaia’s *736 civil rights claim is fully analyzed from a factual and legal standpoint. Under these circumstances, the affirmance of the lower court dismissal of Kaia’s civil rights claims in the prior action precludes relitigation of those claims herein. The doctrine of res judicata mandates summary judgment dismissing the complaint herein against the County, the Police Department and Social Services.
The individual defendants, Detective Brimlow, Detective Doppman and Caseworker Lauro, were not parties to the prior action. Consequently, they do not seek dismissal on the grounds of res judicata. Rather, they claim that they are shielded from plaintiff’s Federal civil rights claim on the grounds of qualified immunity. Again, the conduct at issue is the interrogation and physical examination of the then three-year-old plaintiff without parental consent or court approval, in the context of a child abuse investigation. Plaintiff argues in opposition that because of a decision changing the law in August 1990, the qualified immunity defense is not available to these defendants.
Plaintiff relies upon the case of Tenenbaum v Williams (193 F3d 581, 596, cert denied sub nom. City of New York v Tenenbaum, 529 US 1098) wherein the test for qualified immunity to Federal civil rights claims was stated as follows:
“Government officials ‘enjoy qualified immunity when they perform discretionary functions if either (1) their conduct did not violate clearly established rights of which a reasonable person would have known, or (2) it was objectively reasonable to believe that [their] acts did not violate these clearly established rights.’ ” (Citations omittéd; emphasis added.)
In Tenenbaum (supra) caseworkers were sued in connection with, the removal of a five-year-old child from school and the subsequent physical examination of the child for signs of abuse without parental approval or court order. The court held that the individual defendants were entitled to the qualified immunity defense under the first prong of the aforementioned test. The Tenenbaum court reasoned that:
“Not until van Emrik was decided in August 1990 was the law clear that subjecting a child to invasive investigatory medical examination in the course of an abuse investigation requires a court order absent parental consent.” (Tenenbaum, supra, at 599.)
*737 As the conduct at issue in this case took place in 1992, plaintiff herein insists that under Tenenbaum (supra) and van Emrik (911 F2d 863), defendants cannot meet the first prong of the qualified-immunity test. However, plaintiff completely fails to take into account the alternative second prong of the test. Even the Tenenbaum court acknowledged that:
“there remains substantial protection for caseworkers under the second prong of the qualified immunity test, so long as it is ‘objectively reasonable [for them] to believe that [their] acts [do] not violate these clearly established rights.’ ” (Tenenbaum, at 596.)
The “objectively reasonable” standard is met and a defendant is entitled to the qualified immunity “if officers of reasonable competence could disagree” on the legality of the defendants’ conduct (Malley v Briggs, 475 US 335, 341). The Supreme Court has explained this standard as providing “ample protection to all but the plainly incompetent or those who knowingly violate the law” (Malley, supra, at 341). Indeed, the Second Circuit expressly acknowledged the “anomaly of holding that summary judgment is appropriate when a trier of fact would find that reasonable officers could disagree” (Lennon v Miller, 66 F3d 416, 421), but pointed out that in qualified immunity cases the issue is not the correctness of defendants’ conduct, but the “ ‘objective reasonableness’ of their chosen course of action given the circumstances confronting them at the scene.” The Judge is required to resolve questions of reasonableness on summary judgment in qualified immunity cases where the material facts are not in dispute because of the broad purpose of providing government workers with immunity from defending lawsuits, as well as immunity from liability (Lennon, supra).
Here, the brief interrogation and the physical examination of the plaintiff was made in the course of the ongoing child abuse investigation of plaintiff’s father. According to the trial testimony in the prior action, when a parent is a suspect in a child abuse investigation, it was the custom and practice of the sex crimes squad to interview the child outside the home and family. The record is barren with respect to evidence of incompetence or malice. By way of comparison, State law would afford these defendants qualified immunity from State claims because defendants were acting within the scope of their employment and did not engage in wilful misconduct or gross negligence (Social Services Law § 419; see, Van Emrik v *738 Chemung County Dept. of Social Servs., 220 AD2d 952, lv dismissed 88 NY2d 874). Under all of the circumstances of this case and the Tenenbaum directive that qualified immunity should continue to enable protective services caseworkers the necessary latitude to exercise their professional judgment in matters of child welfare (Tenenbaum, supra, at 596), the court finds that the conduct of the individual defendants herein meets the objective reasonableness standard. Based on this finding, the qualified immunity test is satisfied and this defense is available to the individual defendants. Accordingly, the individual defendants are entitled to summary judgment dismissing the complaint.