■ KAIA GALANTE et al., Appellants, v COUNTY OF NASSAU et al., Respondents. [740 NYS2d 225] —In an action, inter alia, to recover damages for alleged violations of constitutional rights, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Lally, J.), dated December 12, 2000, which (1) denied their motions for leave to enter a judgment on the issue of liability upon the defendants' default in answering and for summary judgment on the issue of liability, and (2) granted the defendants' motion to vacate their default in answering and for summary judgment dismissing the complaint.

Ordered that the order is modified by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the complaint, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

A defendant seeking to vacate a default in answering must demonstrate both a reasonable excuse for the default and the existence of a meritorious defense (*see Hospital for Joint. Diseases v Allstate Ins. Co.,* 283 AD2d 609; *Matter of Gambardella v Ortov Light.,* 278 AD2d 494). Under the facts of this case, the Supreme Court providently exercised its discretion in permitting the defendants to vacate their default and interpose an answer (*see Khanna v Premium Food & Sports Enter.,* 279 AD2d 508; *Paradiso & Assoc. v Tamarin,* 210 AD2d 386; *Tugendhaft v Country Estates Assoc.,* 111 AD2d 846).

The Supreme Court should have denied summary judgment to all parties, since there are material issues of fact to be resolved at trial (*see Alvarez v Prospect Hosp.,* 68 NY2d 320). Santucci, J.P., Altman, Florio and Feuerstein, JJ., concur. [*See* 186 Misc 2d 733.]