■ HYPO HOLDINGS, INC., Respondent, v HERBERT F. FEUER et al., Appellants. [741 NYS2d 425] —In an action to foreclose a mortgage, the defendants appeal from (1) an order and judgment (one paper) of the Supreme Court, Richmond County (Maltese, J.), dated October 20, 2000 which, upon granting the plaintiff's motion to confirm the referee's report, is in favor of the plaintiff and against it, and directed a foreclosure sale, (2) an order of the same court dated November 29, 2000, which denied their motion, in effect, to vacate the judgment and to vacate their default in opposing the motion to confirm the referee's report, and (3) so much of an order of the same court dated March 19, 2001 as denied their motion for reargument.

Ordered that the order dated March 19, 2001, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the appeal from the order and judgment is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order dated November 29, 2000; and it is further,

Ordered the order dated November 29 2000, is reversed on the law, with costs, the motion is granted, the order and judgment (one paper) dated October 20, 2000, is vacated, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings before the referee in accordance herewith.

Contrary to the determination of the Supreme Court, both the motion to vacate the judgment and the motion to vacate the defendants' default in opposing the motion to confirm the referee's report should have been granted since the defendants showed both an excusable default and the existence of a meritorious defense to the confirmation of the referee's report (*see* CPLR 5015 [a]; *see Chase Manhattan Automotive Fin. Corp. v Allstate Ins. Co.,* 272 AD2d 772; *Hann v Morrison,* 247 AD2d 706; *see also Frankel v Schilling,* 149 AD2d 657; *cf. Flushing Natl. Bank v Rich-Haven Motor Sales,* 123 AD2d 663; *Engel v Lichterman,* 95 AD2d 536, *affd* 62 NY2d 943).

Moreover, upon our review of the record, the plaintiff's proof at the hearing before the referee was insufficient as a matter of law, since it failed to include admissible evidentiary proof of the amount actually owed by the defendants. Accordingly, the motion to confirm the report showing that the defendants owed a sum certain to the plaintiff should have been denied irrespective of the sufficiency, or in this instance the absence, of any opposing papers (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320). However, since we have not dismissed the matter, and it is clear that there is a mortgage which has been properly foreclosed upon, we find that in this instance, equity requires that the matter be remitted to the referee appointed by Supreme Court Richmond County to take further proof in this matter. Florio, J.P., Feuerstein, O'Brien and Adams, JJ., concur.