■ In the Matter of STATEWIDE INSURANCE COMPANY, Respondent, v HERBERT BRADHAM, Appellant. [753 NYS2d 861] —In a proceeding to permanently stay arbitration of a claim for uninsured motorist benefits, Herbert Bradham appeals from an order of the Supreme Court, Nassau County (Trainor, R.), dated September 18, 2001, which denied his motion to vacate an order of the same court, dated October 19, 2000, which, upon his default in appearing at a scheduled conference, granted the petition.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the motion is granted, the order

dated October 19, 2000, is vacated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings.

A court may vacate an order entered on default upon a showing by the movant of a reasonable excuse for the default and a meritorious defense (*see Galante v County of Nassau,* 293 AD2d 568; *Sicari v Hung Yuen Wong,* 286 AD2d 489; *Epps v LaSalle Bus,* 271 AD2d 400). The appellant's default in appearing at a scheduled conference was due to reasonable law office failure (*see* CPLR 2005; *Presbyterian Hosp. in City of N.Y. v New York Cent. Mut. Ins. Co.,* 277 AD2d 299; *Burns v Casale,* 276 AD2d 734; *Parker v City of New York,* 272 AD2d 310; *Belesi v Gifford,* 269 AD2d 552). The appellant promptly moved to cure his default, and there was no delay or prejudice to the petitioner. Additionally, the appellant demonstrated a meritorious defense to the petition for a stay of arbitration (*see Matter of Government Empls. Ins. Co. v Estate of Sosnov,* 275 AD2d 322; *Matter of Eagle Ins. Co. v Viera,* 236 AD2d 612; *Matter of State-Wide Ins. Co. v Morales,* 204 AD2d 336; *Matter of Peerless Ins. Co. v Milloul,* 140 AD2d 346, 348). Accordingly, the Supreme Court improvidently exercised its discretion in denying the motion to vacate the default in appearing at the conference. Santucci, J.P., Smith, Goldstein, H. Miller and Mastro, JJ., concur.