■ ROSEMARIE CAMPOS, Appellant, v ASSOCIATES LEASING RD et al., Respondents. [757 NYS2d 905] —In an action to recover

damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Belen, J.), dated April 18, 2002, which denied her motion to vacate a prior order of the same court, dated March 14, 2002, which, upon her failure to appear in opposition, inter alia, granted the cross motion of the defendant Associates Leasing RD, in effect, for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was to vacate that portion of the order dated March 14, 2002, which granted that branch of the cross motion which was, in effect, for summary judgment dismissing so much of the complaint as sought to recover damages for negligence, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiff.

Contrary to the Supreme Court's conclusion, the plaintiff demonstrated the existence of a reasonable excuse for her failure to appear in opposition (*see Matter of Statewide Ins. Co. v Bradham,* 301 AD2d 606 [2003]), and the merits of her negligence claims (*see Bank of N.Y. v Spiro,* 267 AD2d 339 [1999]). Thus, that branch of her motion which was to vacate that portion of the order dated March 14, 2002, which dismissed so much of the complaint as sought to recover damages for negligence should have been granted (*see Vassallo v San Realty Corp.,* 300 AD2d 425 [2002]; *Hypo Holdings v Feuer,* 293 AD2d 712 [2002]). Indeed, the defendants did not even seek dismissal of the plaintiff's general negligence claims arising from the operation of their vehicle. However, the plaintiff did not demonstrate the existence of any genuine claims of negligent entrustment, and thus there is no basis to vacate the dismissal thereof. Florio, J.P., S. Miller, Townes and Mastro, JJ., concur.