■ SAM COSTANZA, Appellant, v CHANANYA GOLD et al., Defendants. KENNETH B. HAWCO, Nonparty Respondent. [784 NYS2d 380]—

In an action to recover damages for breach of a lease, the plaintiff appeals from an order of the Supreme Court, Kings County (Harkavy, J.), dated May 23, 2003, which denied his motion to vacate an order of the same court dated November 6, 2002, inter alia, granting the motion of Kenneth B. Hawco, among other things, for leave to enter judgment against him in the sum $37,384.20 for an unpaid attorney's fee, upon his default in opposing the motion, and to vacate a judgment of the same court entered December 12, 2002, upon the order, which

was in favor of the nonparty, Kenneth B. Hawco, and against him in the principal sum of $37,384.20.

Ordered that the order is reversed, on the law and as an exercise of discretion, without costs or disbursements, the motion is granted, the order dated November 6, 2002, and the judgment entered December 12, 2002, are vacated, and the matter is remitted to the Supreme Court, Kings County, for a new determination on the motion of Kenneth B. Hawco, among other things, for leave to enter judgment against the plaintiff in the sum of $37,384.20 for an unpaid attorney's fee.

CPLR 5015 (a) permits a court to vacate a default in opposing a motion where the moving party demonstrates both a reasonable excuse for the default and the existence of a meritorious defense to the motion (*see Czarnik v Urban,* 10 AD3d 627 [2004]; *Campos v Associates Leasing RD,* 305 AD2d 352, 353 [2003]; *Westchester Med. Ctr. v Clarendon Ins. Co.,* 304 AD2d 753 [2003]; *Vassallo v San Realty Corp.,* 300 AD2d 425 [2002]). Under the circumstances of this case, the plaintiff presented a reasonable excuse for his failure to oppose his former attorney's motion, inter alia, for leave to enter judgment against him for an unpaid attorney's fee (*see Lohmann v Castleton Gallery,* 252 AD2d 482 [1998]). Furthermore, the plaintiff demonstrated that he has a meritorious defense to the motion (*see Banque Indosuez v Sopwith Holdings Corp.,* 98 NY2d 34 [2002]; *City of Troy v Capital Dist. Sports,* 305 AD2d 715 [2003]; *Butler, Fitzgerald & Potter v Gelmin,* 235 AD2d 218 [1997]; *Expo Elecs. v 46 Estates Corp.,* 222 AD2d 288 [1995]). Public policy favors a determination of controversies on their merits (*see Ray Realty Fulton, Inc. v Kwang Hee Lee,* 7 AD3d 772 [2004]; *Scarlett v McCarthy,* 2 AD3d 623 [2003]), and "the courts have a special interest in contracts between attorneys and clients" (*Baron & Gleich v Epstein,* 168 AD2d 589 [1990]). Florio, J.P., Krausman, Fisher and Lifson, JJ., concur.