In the Matter of "JANE DOE" et al., Respondents, v HICKSVILLE UNION FREE SCHOOL DISTRICT, Appellant. [808 NYS2d 387]—

In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the appeal is from an order of the Supreme Court, Nassau County (Woodard, J.), dated January 26, 2005, which granted the petitioner's application.

Ordered that the order is affirmed, with costs.

The key factors to be considered in determining whether to grant an application to serve a late notice of claim are whether the school district acquired actual knowledge of the essential facts of the claim within the statutory 90-day period, whether the petitioners had a reasonable excuse for the delay, and whether the delay would substantially prejudice the school district in its defense on the merits (*cf. Matter of Bordan v Mamaroneck School Dist.*, 230 AD2d 792 [1996]).

Here, the Supreme Court providently exercised its discretion in granting the petitioners' application for leave to serve a late notice of claim. The petitioners established that the school district and its insurer had actual knowledge of the essential facts underlying the claim within the 90-day statutory period, and will not be prejudiced in the defense of the claim on the merits as a result of the delay (*see Matter of Andrew T.B. v Brewster Cent. School Dist.*, 18 AD3d 745, 748 [2005]; *Bovich v East Meadow Pub. Lib.*, 16 AD3d 11, 20-21 [2005]; *Matter of Hunt v County of Madison*, 261 AD2d 695, 696 [1999]; *Matter of Affleck v County of Nassau*, 240 AD2d 569, 570 [1997]). Under all the circumstances, the Supreme Court providently exercised its discretion in granting the application for leave to serve a late notice of claim (*see Hayden v Incorporated Vil. of Hempstead,*

103 AD2d 765, 766 [1984]). Crane, J.P., Luciano, Skelos and Lifson, JJ., concur.