In the Matter of OLGA RICCI et al., Respondents, v HARRISON CENTRAL SCHOOL DISTRICT et al., Appellants. [812 NYS2d 875]—

In a proceeding pursuant to General Municipal Law § 50-e and Education Law § 3813 for leave to file late notices of claim, the appeal is from an order of the Supreme Court, Westchester County (Jamieson, J.), dated December 30, 2004, which granted the petition.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the petition which was for leave to file a late notice of claim on behalf of the petitioner Jeff Fink to recover medical expenses incurred on behalf of the claimant Lisa Royer, and substituting therefor a provision denying that branch of the petition; as so modified, the order is affirmed, with costs to the appellants.

The Supreme Court was without power to entertain that branch of the petition which was for leave to file a late notice of claim on behalf of the petitioner Jeff Fink to recover medical expenses incurred on behalf of his ward, the claimant Lisa Royer, as the petition was filed beyond the one year and 90 day statute of limitations applicable to that claim. The tolling during Lisa

Royer's infancy is not available to Jeff Fink (*see Matter of Seekings v Jamestown Pub. School Sys.,* 224 AD2d 942, 943-944 [1996]; *Matter of West v New York City Health & Hosps. Corp.,* 195 AD2d 517, 518 [1993]; *Myrick v County of Suffolk,* 139 AD2d 633, 634 [1988]).

With regard to the balance of the petition, the key factors to be considered in determining whether to grant an application for leave to serve a late notice of claim are whether the petitioner had a reasonable excuse for the delay, the infancy of the petitioner (where relevant), whether the school district had actual knowledge of the claim within the statutory 90-day period or within a reasonable time thereafter, and whether the delay would substantially prejudice the school district in maintaining a defense on the merits (*see Matter of "Jane Doe" v Hicksville Union Free School Dist.,* 24 AD3d 666 [2005]). The Supreme Court providently exercised its discretion in granting the petitioners leave to file late notices of claim, except to the extent indicated (*see Matter of "Jane Doe" v Hicksville Union Free School Dist., supra*). Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.