■ Consolidated Construction Group, LLC, Respondent, v Bethpage Union Free School District, Appellant. [835 NYS2d 630]—

In an action to recover damages for breach of contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Brennan, J.), dated February 10, 2006, as granted those branches of the plaintiff's motion which were to dismiss its first through ninth affirmative defenses, denied that branch of its cross motion which was for summary judgment dismissing the first cause of action, and granted that branch of the plaintiff's separate motion pursuant to Education Law § 3813 (2-a) which was to deem its notice of claim timely filed to the extent of extending the time to file a notice of claim relating to the first cause of action.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the plaintiff's motion which was to deem its notice of claim timely filed to the extent of extending the time to file a notice of claim relating to the first cause of action and substituting therefor a provision denying that branch of the plaintiff's motion, (2) by deleting the provision thereof granting that branch of the plaintiff's motion which was to dismiss the defendant's second affirmative defense insofar as asserted against the first cause of action and substituting therefor a provision denying that branch of the plaintiff's motion, (3) by deleting the provision thereof granting those branches of the plaintiffs' motion which were to dismiss the first, third, fourth, fifth, sixth, seventh, eighth, and ninth affirmative defenses with respect to the first cause of action and substituting therefor a provision denying those branches of the

motion as academic, (4) by deleting the provision thereof denying that branch of its cross motion which was for summary judgment dismissing the first cause of action and substituting therefor a provision granting that branch of the cross motion, (5) by deleting the provision thereof granting those branches of the plaintiff's motion which were to dismiss the second and seventh affirmative defenses with respect to the second cause of action and substituting therefor a provision denying those branches of the motion, and (6) by adding the words "with leave to the defendant to replead those affirmative defenses" to the provision thereof granting that branch of the plaintiff's motion which was to dismiss the third, fourth, fifth, sixth, eighth, and ninth affirmative defenses with respect to the second cause of action; as so modified, the order is affirmed insofar as appealed from, with costs.

In May 2002 the parties entered into a contract for the renovation of two of the elementary schools operated by the defendant (hereinafter the general contract). In June 2002 the parties entered into a contract for certain heating and mechanical work at the same two schools (hereinafter the heating contract). In 2004 disputes arose over certain aspects of the work to be performed by the plaintiff and payments allegedly due to the plaintiff, and several letters reflecting these issues were exchanged.

By letter to the plaintiff from the defendant's attorneys dated July 16, 2004, the defendant declared the plaintiff to be in default of the general contract. The plaintiff performed some work under the heating contract until December 28, 2004.

On May 12, 2005, the plaintiff served a notice of claim asserting breach of the general contract and served a separate notice of claim asserting breach of the heating contract. The plaintiff commenced this action on July 14, 2005, seeking, in the first cause of action, to recover the balance allegedly due under the general contract and, in the second cause of action, the balance allegedly due under the heating contract. In its answer, the defendant asserted, inter alia, the following affirmative defenses: "[First] The Complaint fails to state a cause of action upon which relief maybe [sic] granted . . . [Second] Consolidated is barred, in whole or in part, from maintaining this action against the District since it has failed to timely serve the District with a Notice of Claim as required by law and has failed to properly allege the timely service of a Notice of Claim . . . [Third] Consolidated's claims are barred, in whole or in part, by the doctrines of waiver, estoppel and/or laches . . . [Fourth] Consolidated's claims are barred, in whole or in part, by the

doctrine of unjust enrichment . . . [Fifth] Any damages which Consolidated allegedly sustained were not proximately caused by any conduct of the District or its agents, servants, or employees . . . [Sixth] Consolidated's damages, if any, are the result of its own acts and/or omissions or those of third parties who were not subject to the control of the District . . . [Seventh] Consolidated's claims are, in whole or in part, barred by the applicable statute of limitations . . . [Eighth] Consolidated's claims are barred, in whole or in part, by reason of its failure to mitigate damages . . . [Ninth] Consolidated's claims are barred, in whole or in part, by its own breaches of contract and/or inequitable conduct . . . [Tenth] Consolidated failed to perform the work, labor or services required under its Contracts with the District and/or the Contract Documents in a timely, complete and/or workmanlike manner."

On August 12, 2005, the plaintiff moved to strike the defendant's affirmative defenses, and on September 16, 2005, the defendant cross-moved for summary judgment "dismissing the complaint as barred by the notice of claim provisions of Education Law § 3813 (1)." On October 12, 2005, the plaintiff moved "pursuant to Education Law § 3813 (2-a) to deem the plaintiff's Notice of Claim timely filed," and the defendant opposed that motion. The defendant appeals from an order of the Supreme Court which, inter alia, granted those branches of the plaintiff's motion which were to dismiss its first through ninth affirmative defenses, denied that branch of its cross motion which was for summary judgment dismissing the first cause of action, and granted that branch of the plaintiff's separate motion pursuant to Education Law § 3813 (2-a) which was to deem the notice of claim timely filed to the extent of extending the time to file a notice of claim relating to the first cause of action.

The requirement of Education Law § 3813 (1) that a notice of claim be served upon a school district in an action arising from a contract within three months from accrual of the claim is a condition precedent to maintaining such action (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.,* 60 NY2d 539 [1983]; *Clune v Garden City Union Free School Dist.,* 34 AD3d 618 [2006]; *Cacheiro v Middletown Enlarged City School Dist.,* 29 AD3d 846 [2006]). Although Education Law § 3813 (2-a) permits a claimant to seek an extension to file a late notice of claim, an application under section 3813 (2-a) must be made within the period of limitations for such claims, which is one year pursuant to section 3813 (2-b) (*see Capstone Enters. of Port Chester, Inc. v Valhalla Union Free School Dist.,* 27 AD3d 411 [2006]; *Allshine, C.S. v South Orangetown Cent. School Dist.,* 305 AD2d 617

[2003]; *Pope v Hempstead Union Free School Dist. Bd. of Educ.,* 194 AD2d 654 [1993]). It has frequently been observed that the Supreme Court does not have authority to entertain such an application when made after the expiration of the period of limitation (*see e.g. Matter of Ricci v Harrison Cent. School Dist.,* 27 AD3d 653 [2006]; *Clune v Garden City Union Free School Dist., supra; Dolce v Bayport, Blue Point Union Free School Dist.,* 286 AD2d 316 [2001]).

The Supreme Court correctly found that the plaintiff's claim arising from the general contract "accrued when the District terminated the contract and it became clear payment would be denied." However, its determination granting that branch of the plaintiff's motion which was to deem its notice of claim timely filed to the extent of extending the time to file a notice of claim relating to the first cause of action was error because the motion was made on October 12, 2005, after the expiration of the one-year period of limitation and the court was without authority to grant such relief (*see Ricci v Harrison Cent. School Dist., supra; Clune v Garden City Union Free School Dist., supra; Dolce v Bayport, Blue Point Union Free School Dist., supra*). Moreover, the plaintiff's contention that the defendant should be estopped from asserting the defense of the plaintiff's noncompliance with notice of claim requirements is without merit because the plaintiff failed to demonstrate affirmative conduct by the defendant sufficient to support an estoppel (*see Pope v Hempstead Union Free School Dist., supra; Suburban Restoration Co. v Wappingers Cent. School Dist.,* 256 AD2d 572 [1998]; *H. Verby Co. v Carle Place Union Free School Dist.,* 5 AD3d 730 [2004]; *Lenz Hardware, Inc. v Board of Educ. of Van Hornesville-Owen D. Young Cent. School Dist.,* 24 AD3d 1278 [2005]; *cf. Conquest Cleaning Corp. v New York City School Constr. Auth.,* 279 AD2d 546 [2001]).

The Supreme Court also erroneously granted that branch of the plaintiff's motion which was to dismiss the defendant's second affirmative defense (relating to the plaintiff's alleged noncompliance with notice of claim requirements) with respect to the first cause of action, and erroneously denied that branch of the defendant's cross motion which was for summary judgment dismissing the first cause of action based upon the second affirmative defense.

In light of our determination that the defendant was entitled to dismissal of the first cause of action, those branches of the plaintiff's motion which were to dismiss the first, third, fourth, fifth, sixth, seventh, eighth, and ninth affirmative defenses with respect to the first cause of action should have been denied as academic.

The Supreme Court properly granted that branch of the plaintiff's motion which was to dismiss the first affirmative defense with respect to the second cause of action (*see Glenesk v Guidance Realty Corp.*, 36 AD2d 852 [1971]), but those branches which were to dismiss the second and seventh affirmative defenses with respect to the second cause of action were improperly granted as they each sufficiently state the theories relied upon by the defendant. We note that the propriety of the Supreme Court's grant of that branch of the plaintiff's motion which was to deem the notice of claim timely served to the extent of extending the time to file a notice of claim relating to the second cause of action is not before us, but accrual of the second cause of action, which is based on the heating contract, may not have occurred until December 2004, as work under the heating contract continued until that time.

Those branches of the plaintiff's motion which were to dismiss the remaining affirmative defenses under review, that is, the third, fourth, fifth, sixth, eighth, and ninth affirmative defenses with respect to the second cause of action, were properly granted. However, those branches should have been granted with leave to the defendant to replead those affirmative defenses (*see Bentivegna v Meenan Oil Co.*, 126 AD2d 506 [1987]; *Rosenthal v Allstate Ins. Co.*, 248 AD2d 455 [1998]; *Northeast Caissons v Columbus Constr. Corp.*, 268 AD2d 512 [2000]).

The defendant's remaining contentions are without merit. Miller, J.P., Santucci, Florio and Lifson, JJ., concur.