■ Vito L. Faga, Jr., et al., Appellants, v Harrison Central School District et al., Respondents, et al., Defendant. [835 NYS2d 686]—

In an action, inter alia, to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), dated September 26, 2005, as denied their motion to vacate an order of the same court, dated April 26, 2005, which granted, without opposition, the motion of the defendants Harrison Central School District, Louis M. Klein Middle School, and Purchase Elementary School to dismiss the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the plaintiffs' motion which were to vacate so much of the order dated April 26, 2005, as granted those branches of the motion of the defendants Harrison Central School District, Louis M. Klein Middle School, and Purchase Elementary School which were to dismiss the complaint insofar as asserted against them by the plaintiffs Olga Ricci, Joseph Ricci, Lisa Royer, Brett Fink, and Jeffrey Fink, and substituting therefor a provision granting those branches of the plaintiffs' motion except with respect to the cause of action asserted by the plaintiff Jeffrey Fink to recover medical expenses incurred on behalf of the plaintiff Lisa Royer; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

To vacate their default, the plaintiffs were required to demonstrate a reasonable excuse for failing to oppose the motion to dismiss and a meritorious cause of action (see CPLR 5015 [a] [1]; *Hospital for Joint Diseases v Dollar Rent A Car*, 25 AD3d 534 [2006]; *Fekete v Camp Skwere*, 16 AD3d 544, 545 [2005]; *Caputo v Peton*, 13 AD3d 474, 475 [2004]; *Costanza v Gold*, 12 AD3d 551, 552 [2004]). All of the plaintiffs made a sufficient showing of a reasonable excuse for failing to oppose the defendants' dismissal motion based upon the law office failure of plaintiffs' counsel (see *Friedman v Crystal Ball Group, Inc.*, 28 AD3d 514 [2006]; *Whitfield v State of New York*, 28 AD3d 541 [2006]). However, the plaintiffs Vito L. Faga, Jr., Nicholas Vaccaro, Joey Pinto, Timothy Zuccarelli, and Susan Alfano,

failed to make the requisite showing of merit, as they were employees of the defendant, Harrison Central School District (hereinafter Harrison), which bars their causes of action under Workers' Compensation Law §§ 10 and 11 (*see Liss v Trans Auto Sys.*, 68 NY2d 15, 21 [1986]; *Kayen v Shames Realty*, 298 AD2d 362, 363 [2002]; *Manetta v Town of Hempstead Day Care Ctr.*, 248 AD2d 517 [1998]). The derivative loss of consortium causes of action asserted by the plaintiffs Debra Pinto, Linda Zuccarelli, and Frank Alfano similarly are without merit. The cause of action asserted by the plaintiff Jeffrey Fink to recover medical expenses incurred by the infant Lisa Royer is without merit · as, in the interim, this Court determined that his petition for leave to file a late notice of claim was brought beyond the applicable statute of limitations (*see Matter of Ricci v Harrison Cent. School Dist.*, 27 AD3d 653 [2006]). The remaining plaintiffs, who were not employees of Harrison, including Jeffrey Fink insofar as he asserted timely causes of action to recover nonmedical expenses, all established a potentially meritorious defense to the earlier motion to dismiss (*see Matter of Ricci v Harrison Cent. School Dist., supra* at 654).

The parties' remaining contentions have been rendered academic in light of our determination. Crane, J.P., Santucci, Florio, Dillon and Balkin, JJ., concur.