■   RAUL QUINTERO et al., Appellants, v JAE W. KIM et al., Respondents. [841 NYS2d 629]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Satterfield, J.), entered October 25, 2006, which denied their motion to vacate an order of the same court entered April 11, 2006, granting the defendants' unopposed motion for summary judgment dismissing the complaint insofar as asserted by the plaintiff Vivian Gruber on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the plaintiffs' motion to vacate the order entered April 11, 2006 is granted, the order entered April 11, 2006 is vacated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

CPLR 5015 (a) permits a court to vacate a default in opposing a motion where the moving party demonstrates both a reasonable excuse for the default and the existence of a meritorious cause of action (*see Perez v Han Ki Man,* 39 AD3d 521 [2007]; *Costanza v Gold,* 12 AD3d 551 [2004]; *Oyebola v Makuch,* 10 AD3d 600 [2004]; *Itskovich v Lichenstadter,* 2 AD3d 406 [2003]; *Beale v Yepes,* 309 AD2d 886 [2003]; *Waaland v Weiss,* 228 AD2d 435 [1996]). The Supreme Court correctly held that the plaintiffs presented a reasonable excuse for their failure to oppose the defendants' motion for summary judgment. We conclude, however, that the Supreme Court erred in holding

that the plaintiffs failed to demonstrate a meritorious cause of action alleging a serious injury as it pertained to the plaintiff Vivian Gruber (hereinafter the plaintiff).

The plaintiffs proffered competent evidence establishing that their claim of serious injury as it related to the plaintiff was meritorious. The certified medical report of her treating osteopath, who had begun treatment within 10 days of the accident, as well as the report of her neurologist, who examined the plaintiff nearly four years later, constituted medical evidence of continuing, quantified significant limitations in range of motion of the plaintiff's cervical spine. Therefore, the plaintiff demonstrated that she had a meritorious cause of action within the meaning of Insurance Law § 5102 (d) (*see LaFalce v Alexandrov,* 288 AD2d 271 [2001]; *Grullon v Chang Ok Chu,* 240 AD2d 367 [1997]). Accordingly, the plaintiffs' motion to vacate their default should have been granted. Rivera, J.P., Spolzino, Fisher, Lifson and Dickerson, JJ., concur.