■ Debra Pisciotta et al., Respondents, v Lifestyle Designs, Inc., Appellant, et al., Defendant. [879 NYS2d 179]—

In an action, inter alia, to recover damages for breach of contract, the defendant Lifestyle Designs, Inc., appeals from an order of the Supreme Court, Nassau County (Ayres, J.), dated May 19, 2008, which, among other things, denied its renewed motion pursuant to CPLR 5015 (a) to vacate an order of the same court (Peck, J.), entered October 2, 2003, in effect, granting the plaintiffs' motion to strike its answer, directing the entry of judgment against it on the issue of liability upon its default in opposing the plaintiffs' motion, and directing an inquest on the issue of damages.

Ordered that the order dated May 19, 2008 is affirmed, with costs.

In an order dated April 21, 2003 the Supreme Court directed that the answer of the defendant Lifestyle Designs, Inc. (hereinafter Lifestyle), would be stricken unless it complied with certain outstanding discovery demands within a stated time. After Lifestyle failed to comply with that order, the Supreme Court, in an order entered October 2, 2003, in effect, granted the plaintiffs' motion to strike Lifestyle's answer, directed the entry of a judgment against it on the issue of liability upon its default in opposing the plaintiffs' motion, and directed an inquest on the issue of damages. In accordance with CPLR 3215 (c), the plaintiffs properly served and filed a note of issue and certificate of readiness dated October 17, 2003, within one year of the date of the order, inter alia, directing the entry of the default judgment and the inquest on the issue of damages.

By notice of motion dated November 6, 2003, Lifestyle moved to vacate both the order entered October 2, 2003 and the note of issue dated October 17, 2003. The motion was denied, without prejudice to renew, in an order dated June 7, 2004.

By order to show cause dated August 2, 2004, Lifestyle moved

to renew its prior motion and thus again requested, inter alia, that the order entered October 2, 2003, be vacated pursuant to CPLR 5015 (a) (1). After a lapse of almost four years, that motion was denied in an order dated May 19, 2008. Lifestyle appeals from the order dated May 19, 2008 and we affirm.

On appeal, Lifestyle argues that the plaintiffs failed to "bring . . . proceedings for entry of a default judgment" within the requisite one-year period, which should have resulted in the dismissal of their complaint (see CPLR 3215 [c]). Lifestyle also argues that, upon renewal, its motion to vacate the order, inter alia, directing the entry of a default judgment should have been granted because it established a "reasonable excuse" for its failure to oppose the plaintiffs' motion to strike its answer. Specifically, Lifestyle points to the "uncontroverted medical testimony" of a skin disorder suffered by Alex Szulman, the president and sole shareholder of Lifestyle, which, Lifestyle claims, prevented him from personally participating in the litigation. These arguments are without merit.

The entry of so much of the order entered October 2, 2003, as struck Lifestyle's answer was the functional equivalent to Lifestyle having defaulted in appearing or answering as of that date (see Fappiano v City of New York, 5 AD3d 627 [2004], citing Rokina Opt. Co. v Camera King, 63 NY2d 728 [1984]; see also Jones v Corley, 35 AD3d 381 [2006]), and the Supreme Court thus properly directed the entry of a default judgment against Lifestyle in the same order. The record reveals that the plaintiffs "[took] proceedings for the entry of a [default] judgment" (CPLR 3215 [c]) by serving and filing a note of issue and certificate of readiness dated October 17, 2003. The service and filing of the note of issue and certificate of readiness constituted the plaintiffs' attempt to schedule the inquest that had also been directed in the same order. That the Supreme Court failed to schedule an inquest, possibly due to the pendency of Lifestyle's motion to vacate that order, is not a circumstance that can be ascribed to any procedural default or neglect on the part of the plaintiffs. Therefore, there is no merit to Lifestyle's argument that the plaintiffs failed to "bring . . . proceedings for entry of a default judgment" within the requisite one-year period.

Similarly without merit is Lifestyle's argument that Szulman's skin disorder prevented him from participating in the litigation, thus providing Lifestyle with a "reasonable excuse" for its failure to oppose the motion that resulted in the order, inter alia, directing the entry of a default judgment. Szulman's personal medical disorder does not excuse the corporation's failure to oppose the motion to strike its answer.

An order made on default should, in general, not be vacated pursuant to CPLR 5015 (a) (1) unless the movant can show "a reasonable excuse for failing to oppose the [prior] motion" (*Faga v Harrison Cent. School Dist.*, 40 AD3d 690, 690 [2007]). Whether a party seeking relief under CPLR 5015 (a) (1) has demonstrated a reasonable excuse is a matter that is left to the provident exercise of the discretion of the Supreme Court (*see Green Apple Mgt. Corp. v Aronis*, 55 AD3d 669 [2008]). The Supreme Court did not improvidently exercise its discretion in the order now under review.

Lifestyle did not submit any evidence in support of its motion to vacate the order entered October 2, 2003, demonstrating that it had a reasonable excuse for failing to oppose the motion to strike its answer. Moreover, Lifestyle proffered no reason for its failure to comply with the conditional order dated April 21, 2003, and has not attempted to explain its failure to comply with the discovery ordered by the Supreme Court.

Further, Lifestyle's failure to appear at a certification conference held on March 25, 2003, among other things, resulted in the entry of the conditional order dated April 21, 2003. That failure to appear, in and of itself, could have warranted the entry of a default judgment against Lifestyle (*see* 22 NYCRR 202.27).

The only explanation Lifestyle proffered to the Supreme Court and this Court for its nonappearance at the conference is that, at the time the order, inter alia, directing the entry of a default judgment was entered, Lifestyle was proceeding "pro se." However, Lifestyle's purported "pro se" status violates CPLR 321 (a), which requires a corporation to appear by attorney only. Reliance on such a violation cannot constitute a reasonable excuse for a default (*see Jimenez v Brenillee Corp.*, 48 AD3d 351, 352 [2008] ["(a) corporate defendant's failure to comply with CPLR 321 provides no basis for vacating a judgment entered against that defendant"]; *Mail Boxes Etc. USA v Higgins*, 281 AD2d 176 [2001]; *cf. Guerre v Trustees of Columbia Univ. in City of N.Y.*, 300 AD2d 29 [2002]).

In the absence of any valid explanation for its default, Lifestyle failed to establish a "reasonable excuse for failing to oppose the [prior] motion" (*Faga v Harrison Cent. School Dist.*, 40 AD3d at 690). Skelos, J.P., Florio, Leventhal and Hall, JJ., concur.