■ Frank Strauss et al., Appellants, v R & K Environmental et al., Respondents. [887 NYS2d 192]—In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from (1) an order of the Supreme Court, Dutchess County (Pagones, J.), dated December 9, 2008, which denied their cross motion to vacate a judgment of the same court entered August 18, 2008, upon an order dated July 17, 2008, granting the defendants' unopposed motion for summary judgment dismissing the complaint and for summary judgment on the first counterclaim for specific performance, dismissing the complaint and directing the plaintiff Gail Strauss to deliver a deed to the subject premises to the defendants, and granted the defendants' motion for summary judgment on the fourth counterclaim to recover rent and for an order pursuant to CPLR 5107 to direct the Sheriff of Dutchess County to convey the subject premises to the defendants, and (2) a judgment of the same court entered January 9, 2009, which, among other things, upon the order dated December 9, 2008, is in favor of the defendants and against them in the total sum of $50,487.42, upon the fourth counterclaim and directing the Sheriff of Dutchess County to convey the subject premises to the defendants.

Ordered that the appeal from so much of the order dated December 9, 2008, as granted the defendants' motion for summary judgment on the fourth counterclaim to recover rent and for an order pursuant to CPLR 5107 to direct the Sheriff of Dutchess County to convey the subject premises to the defendants is dismissed; and it is further,

Ordered that the order dated December 9, 2008, is reversed insofar as reviewed, on the law, and the plaintiffs' cross motion to vacate the judgment entered August 18, 2008, is granted; and it is further,

Ordered that the judgment entered January 9, 2009, is reversed, on the law, the defendants' motion for summary judgment on the fourth counterclaim to recover rent and for an order pursuant to CPLR 5107 to direct the Sheriff of Dutchess County to convey the subject premises to them is denied, and the order dated December 9, 2008, is modified accordingly; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The appeal from so much of the intermediate order dated December 9, 2008, as granted the defendants' motion for sum-

mary judgment on the fourth counterclaim to recover rent and for an order pursuant to CPLR 5107 to direct the Sheriff of Dutchess County to convey the subject premises to the defendants must be dismissed because the right of direct appeal therefrom terminated with the entry of a judgment in the action on January 9, 2009 (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on appeal from that portion of the order are brought up for review and have been considered on the appeal from the judgment entered January 9, 2009 (see CPLR 5501 [a] [1]).

To vacate their default in opposing the defendants' motion for summary judgment dismissing the complaint, the plaintiffs were required to demonstrate both a reasonable excuse for their default and a meritorious claim (see CPLR 5015 [a] [1]; Francis v Long Is. Coll. Hosp., 45 AD3d 529, 530 [2007]; Quintero v Kim, 43 AD3d 895, 895 [2007]; Faga v Harrison Cent. School Dist., 40 AD3d 690, 690 [2007]; Costanza v Gold, 12 AD3d 551, 552 [2004]). Under the circumstances of this case, the plaintiffs presented a reasonable excuse for their failure to oppose the defendants' motion for summary judgment dismissing the complaint, and demonstrated that they had a meritorious cause of action (see Quintero v Kim, 43 AD3d at 896; Faga v Harrison Cent. School Dist., 40 AD3d at 690; Costanza v Gold, 12 AD3d at 552). Accordingly, the plaintiffs' cross motion to vacate the judgment entered upon their default should have been granted, and the defendants' motion for summary judgment on the fourth counterclaim to recover rent and for an order pursuant to CPLR 5107 to direct the Sheriff of Dutchess County to convey the subject premises to them should have been denied. Rivera, J.P., Miller, Balkin, Leventhal and Hall, JJ., concur.