■ JAMES STAMULIS, Respondent, v MORDRED REALTY CORP. et al., Appellants, et al., Defendant. [914 NYS2d 677]—

In an action, inter alia, to recover damages for fraudulent misrepresentation, the defendants Mordred Realty Corp., Michael Sohayegh, and Sadre Sohayegh, also known as Sadre Garakhani, appeal from an order of the Supreme Court, Nassau County (Spinola, J.), dated February 25, 2010, which granted the plaintiff's motion for leave to enter a default judgment against the defendant Michael Sohayegh in the principal sum of $135,000, and denied their cross motion to vacate a default judgment dated January 4, 2010, previously entered against the defendants Mordred Realty Corp. and Sadre Sohayegh, also known as Sadre Garakhani.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion for leave to enter a default judgment against the defendant Michael Sohayegh in the principal sum of $135,000 is denied, and the cross motion of the defendants Mordred Realty Corp., Michael Sohayegh, and Sadre Sohayegh, also known as Sadre Garakhani, to vacate the default judgment dated January 4, 2010, against Mordred Realty Corp. and Sadre Sohayegh, also known as Sadre Garakhani, is granted.

In order to prevail on a motion to vacate a default judgment, a defendant is required to demonstrate both a reasonable excuse for its default and a potentially meritorious defense (*see Fekete v Camp Skwere*, 16 AD3d 544, 545 [2005]; *Amato v Fast Repair, Inc.*, 15 AD3d 429, 430 [2005]; *Costanza v Gold*, 12 AD3d 551, 552 [2004]; *Czarnik v Urban*, 10 AD3d 627 [2004]). Here, the confusion surrounding the withdrawal of defense counsel from the case and the plaintiff's apparent failure to comply with

CPLR 321 (c) provided a sufficient excuse for the defaults. In addition, the appellants established the existence of potentially meritorious defenses based on a close reading of the subject lease. Therefore, the Supreme Court should have denied the plaintiff's motion and granted the appellants' cross motion. Mastro, J.P., Angiolillo, Balkin, Lott and Austin, JJ., concur.