■ Gloria Blaze, Appellant, v New York City Department of Education, Respondent. [975 NYS2d 667]—

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered March 11, 2013, which denied plaintiff's motion to file a late notice of claim, unanimously affirmed, without costs.

The court properly denied plaintiff's motion to file a late notice of claim, where plaintiff offered no excuse for her failure to file a timely notice of claim; failed to demonstrate that defendant acquired actual knowledge of the facts underlying the claim within 90 days or a reasonable time thereafter; and failed in her burden to demonstrate that defendant would not be substantially prejudiced by the delay (*see Perez v New York City Health & Hosps. Corp.*, 81 AD3d 448 [1st Dept 2011]; *Matter of Strauss v New York City Tr. Auth.*, 195 AD2d 322 [1st Dept 1993]). "[K]nowledge of the facts underlying an occurrence does not constitute knowledge of the claim. What satisfies the statute is not knowledge of the wrong. What the statute exacts is notice of the claim" (*Liberty Group Holdings v City of New York*, 5 AD3d 148, 149 [1st Dept 2004] [internal quotation marks omitted], *lv denied* 3 NY3d 609 [2004], quoting *Chattergoon v New York City Hous. Auth.*, 161 AD2d 141, 142 [1990], *affd* 78 NY2d 958 [1991]).

In any event, plaintiff's claim accrued, at the latest, in April 2011, when she asserts that she was "constructively forced into

early retirement," making her motion to file a late notice of claim well beyond the limitation period of, at most, one year and 90 days (Education Law § 3813 [3], [2-b]; General Municipal Law § 50-i). Thus, the court was without authority to grant plaintiff the requested relief (*see* Education Law § 3813 [2], [2-a]; General Municipal Law § 50-i; *Consolidated Constr. Group, LLC v Bethpage Union Free School Dist.*, 39 AD3d 792, 794-795 [2d Dept 2007], *lv dismissed* 9 NY3d 980 [2007]). Concur—Andrias, J.P., Acosta, Moskowitz, Richter and Manzanet-Daniels, JJ.