GEORGE C. WUNSCH, Respondent, v ROBERT CERWINSKI et al., Defendants, and DON MOTTAHEDAH, Appellant. [828 NYS2d 157]—

In an action, inter alia, to recover damages for breach of contract and fraud, the defendant Don Mottahedah appeals from (1) an order of the Supreme Court, Nassau County (Martin, J.), dated October 24, 2005, which denied that branch of his motion which was to vacate so much of a clerk's judgment dated June 21, 2004, as was in favor of the plaintiff and against him in the principal sum of $78,000, entered upon his default in appearing or answering the complaint, and (2) an order of the same court dated February 28, 2006, which denied his motion for leave to renew and reargue the motion to vacate.

Ordered that the appeal from so much of the order dated February 28, 2006, as denied that branch of the motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated October 24, 2005 is affirmed; and it is further,

Ordered that the order dated February 28, 2006 is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The Supreme Court properly denied that branch of the untimely motion (see CPLR 5015 [a]) of the defendant Don Mottahedah which was to vacate so much of the clerk's judgment as was in favor of the plaintiff and against him in the principal sum of $78,000, entered upon his default in appearing or answering the complaint, on the ground that he was never served with the complaint. The defendant's bare denial of service was insufficient to rebut the prima facie proof of proper service pursuant to CPLR 308 (4) created by the process server's affidavit (see General Motors Acceptance Corp. v Grade A Auto Body, Inc., 21 AD3d 447 [2005]; Mauro v Mauro, 13 AD3d 345, 345-346 [2004]; Household Fin. Realty Corp. of N.Y. v Brown, 13 AD3d 340, 341 [2004]; Carrenard v Mass, 11 AD3d 501 [2004]).

Furthermore, the Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was for leave to renew his prior motion to vacate. The defendant's excuse for failing to present his own detailed affidavit and the affidavits of his parents in his original motion was not reasonable (see Johnson v Title N., Inc., 31 AD3d 1071,

1072 [2006]; *Renna v Gullo*, 19 AD3d 472, 473 [2005]). Schmidt, J.P., Crane, Rivera, Skelos and Lunn, JJ., concur.