■ JOHN LIOTTA, Respondent, v RICHARD MATTONE et al., Appellants. [900 NYS2d 62]—In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Nassau County (Bucaria, J.), dated March 11, 2009, which denied their motion, in effect, to vacate a prior order dated July 23, 2008, granting the plaintiff's unopposed motion for a preliminary injunction, and thereupon, to deny the plaintiff's motion for a preliminary injunction.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the defendants' motion, in effect, to vacate the order dated July 23, 2008, granting the plaintiff's unopposed motion for a preliminary injunction, and, upon vacatur, to deny the plaintiff's motion for a preliminary injunction, is granted.

Generally, a defendant seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a meritorious defense (*see* CPLR 5015 [a] [1]; *Political Mktg., Int'l, Inc. v Jaliman,* 67 AD3d 661 [2009]; *Montefiore Med. Ctr. v Hartford Acc. & Indem. Co.,* 37 AD3d 673 [2007]). Under the particular circumstances of this case, the Supreme Court improvidently exercised its discretion in denying that branch of the defendants' motion which was, in effect, to vacate the order dated July 23, 2008, granting the plaintiff's motion for a preliminary injunction upon their default in opposing.

In addition, a party seeking the drastic remedy of a preliminary injunction has the burden of demonstrating, by clear and convincing evidence, (1) a likelihood of ultimate success on the merits, (2) the prospect of irreparable injury if the provisional relief is withheld, and (3) a balancing of the equities in the movant's favor (*see Berkoski v Board of Trustees of Inc. Vil. of Southampton,* 67 AD3d 840 [2009]). Here, the plaintiff failed to satisfy his burden of demonstrating irreparable injury if the

preliminary injunction is not granted. Accordingly, the plaintiff's motion for a preliminary injunction should have been denied. Fisher, J.P., Angiolillo, Leventhal and Lott, JJ., concur.