In an action for the partition and sale of real property, the plaintiff appeals from (1) so much of an order of the Supreme Court, Richmond County (Minardo, J.), dated March 4, 2010, as denied his motion for leave to renew his motion for summary judgment on the complaint, (2) an order of the same court (D’Oca, J.H.O.) dated September 8, 2010, which denied his second motion for leave to renew his motion for summary judgment on the complaint, and (3) an order of the same court (Minardo, J.) dated June 10, 2011, which denied his motion pursuant to CPLR 5015 to vacate the dismissal of the action, to restore the action to the trial calendar, to vacate the order dated September 8, 2010, and, upon vacatur, to restore his second motion for leave to renew his motion for summary judgment on the complaint to the motion calendar.
Ordered that order dated March 4, 2010, is affirmed insofar as appealed from; and it is further,
Ordered that the orders dated September 8, 2010, and June 10, 2011, are affirmed; and it is further,
Ordered that one bill of costs is awarded to the defendant.
The parties were married and purchased the subject real property, located in Richmond County, during the marriage. Thereafter, the plaintiff returned to his native Latvia, where he has continued to reside. In 1998, the plaintiff obtained a divorce from the defendant in Latvia. The defendant continued to reside in the subject property.
In November 2004 the plaintiff commenced this action for the partition and sale of the subject real property allegedly owned by the parties. The defendant contends that the plaintiff executed a quitclaim deed on or about September 20, 1997, transferring all of his rights and interests in the property to her. The plaintiff contests the deed, claiming that it is a forgery. The parties both moved for summary judgment, and the Supreme Court denied the motions, concluding that a triable issue of fact exists as to the validity of the quitclaim deed. Thereafter, in an order dated March 4, 2010, the Supreme Court, inter alia, denied the plaintiffs motion for leave to renew his motion for summary judgment on the complaint.
The Supreme Court referred the matter to a judicial hearing *963 officer (hereinafter the J.H.O.) to conduct a nonjury trial on the issues herein. Thereafter, the J.H.O. scheduled a May 5, 2010, trial date with the consent of the parties. The plaintiff requested and received an adjournment of the May 5, 2010, trial date and a new trial date was scheduled for July 6, 2010.
On July 6, 2010, the plaintiff failed to appear at trial and his counsel requested a continuance to secure the plaintiffs appearance. The J.H.O. denied the plaintiffs request for a continuance and granted the defendant’s motion, in effect, to dismiss the complaint for failure to prosecute.
The plaintiffs counsel subsequently moved, for a second time, for leave to renew his motion for summary judgment on the complaint. In an order dated September 8, 2010, that motion was denied.
In an order dated June 10, 2011, the Supreme Court denied the plaintiffs motion pursuant to CPLR 5015 to vacate the dismissal of the action, to restore the action to the trial calendar, to vacate the order dated September 8, 2010, and, upon vacatur, to restore to the motion calendar his second motion for leave to renew his motion for summary judgment on the complaint.
The Supreme Court properly denied the plaintiffs first motion for leave to renew his motion for summary judgment on the complaint. “A motion for leave to renew shall be based upon new facts not offered on the prior motion that would change the prior determination, and shall contain reasonable justification for the failure to present such facts on the prior motion” (Bank of N.Y. Mellon v Izmirligil, 88 AD3d 930, 932 [2011] [internal quotation marks omitted]). “[A] motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation” (Eskenazi v Mackoul, 92 AD3d 828, 829 [2012] [internal quotation marks omitted]). “The Supreme Court lacks discretion to grant renewal where the moving party omits a reasonable justification for failing to present the new facts on the original motion” (Matter of Leone Props., LLC v Board of Assessors for Town of Cornwall, 81 AD3d 649, 652 [2011] [internal quotation marks omitted]). Here, the plaintiff failed to meet these requirements, as the alleged new facts proffered on his motion would not have changed the Supreme Court’s prior determination (see CPLR 2221 [e] [2]), and he failed to establish a reasonable justification for failing to present any of the alleged new facts, which were then available to him, on the original motion.
Likewise, in the order dated September 8, 2010, the Supreme Court properly denied the plaintiffs second motion for leave to *964 renew his motion for summary judgment on the complaint, as the plaintiff failed to, inter alia, demonstrate the existence of any new facts not offered on his first motion for leave to renew his motion for summary judgment on the complaint (see CPLR 2221 [e] [2]).
To vacate the dismissal of the action and to restore the action to the trial calendar, the plaintiff was required to demonstrate both a reasonable excuse for his default and a meritorious cause of action (see CPLR 5015 [a] [1]; 22 NYCRR 202.27; Feldman v Delaney, 94 AD3d 1043 [2012]; Schmitt v Jeyalingam, 71 AD3d 757 [2010]). Here, the plaintiff failed to demonstrate a reasonable excuse for his failure to appear and proceed with trial. Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiffs motion, inter alia, to vacate the dismissal of the action.
The plaintiffs remaining contentions either have been rendered academic in light of our determination or are without merit. Balkin, J.P., Leventhal, Hall and Cohen, JJ., concur.