■ FRIEDLANDER ORGANIZATION, LLC, Respondent, v AKINTAYO ABIMBOLA AYORINDE et al., Respondents, and KEN HANSEN, Appellant, et al., Defendants. [989 NYS2d 870]—

In an action, inter alia, to recover damages for breach of an escrow agreement, the defendant Ken Hansen appeals from (1) an order of the Supreme Court, Nassau County (Feinman, J.), dated December 11, 2012, which denied his motion pursuant to CPLR 5015 (a) (1) to vacate so much of a judgment of the same

court dated August 7, 2012, as was entered against him upon his failure to appear or answer the complaint, and (2) an order of the same court dated March 18, 2013, which denied his motion, denominated as one for leave to reargue, but which was, in actuality, one for leave to reargue and renew his prior motion pursuant to CPLR 5015 (a) (1) to vacate so much of the judgment dated August 7, 2012, as was entered against him upon his failure to appear or answer the complaint.

Ordered that the order dated December 11, 2012, is affirmed; and it is further,

Ordered that the appeal from so much of the order dated March 18, 2013, as denied that branch of the motion of the defendant Ken Hansen which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated March 18, 2013, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The Supreme Court providently exercised its discretion in denying the motion of the defendant Ken Hansen pursuant to CPLR 5015 (a) (1) to vacate so much of a judgment dated August 7, 2012, as was entered against him upon his failure to appear or answer the complaint. The plaintiff served process upon Hansen pursuant to CPLR 308 (2) by the delivery of a summons and complaint to Hansen's wife at the couple's residence, and by mailing a copy of that process. Hansen failed to appear or answer the complaint, and a judgment was entered against him upon his default.

To obtain vacatur of a default judgment under CPLR 5015 (a) (1), the moving party must demonstrate both a reasonable excuse for the default and a potentially meritorious defense (see *Matter of Rockland Bakery, Inc. v B.M. Baking Co., Inc.*, 83 AD3d 1080, 1082 [2011]; *Liotta v Mattone*, 71 AD3d 741, 741 [2010]; *Strauss v R & K Envtl.*, 66 AD3d 766, 767 [2009]). Here, Hansen failed to demonstrate a reasonable excuse for his default (see *Koyenov v Twin-D Transp., Inc.*, 33 AD3d 967 [2006]; *Town House St., LLC v New Fellowship Full Gospel Baptist Church, Inc.*, 29 AD3d 893 [2006]). Accordingly, the Supreme Court properly denied Hansen's motion on that ground (see *Wunsch v Cerwinski*, 36 AD3d 612 [2007]).

The Supreme Court also properly denied that branch of Hansen's separate motion which was for leave to renew (see CPLR 2221 [e] [3]; *Semenov v Semenov*, 98 AD3d 962, 963

[2012]; *Wunsch v Cerwinski*, 36 AD3d 612 [2007]). Skelos, J.P., Chambers, Lott and Duffy, JJ., concur.