[7 NYS3d 839]

1234 BROADWAY LLC, Petitioner, v CAROLINE K., Respondent.

Civil Court of the City of New York, New York County, January 23, 2015

### APPEARANCES OF COUNSEL

*Paul A. Shneyer, P.C.*, New York City (*Paul A. Shneyer* of counsel), for respondent.

*Law Offices of Santo Golino*, New York City (*Brian Shaw* of counsel), for petitioner.

### OPINION OF THE COURT

ANDREA MASLEY, J.

Respondent Caroline K. moves pursuant to CPLR 5015 to vacate the default judgment entered against her on March 26, 2014 and the consequent final order and judgment entered on April 21, 2014, and reinstate her answer;[1] pursuant to CPLR 3212 for summary judgment, finding Ms. K. has succession rights, directing landlord to issue a lease to the rent-stabilized apartment of her late mother and rent bills in Ms. K.'s name, and dismissing landlord's holdover petition; and pursuant to Rules of the Chief Administrator of the Courts (22 NYCRR) part 130, for sanctions and legal fees. Landlord 1234 Broadway LLC (landlord) challenges the jurisdiction of this court and this judge to hear this motion.

This is a residential holdover action which was initiated on April 16, 2013 in New York City Housing Court, New York County. Landlord seeks to remove Ms. K. from the apartment on grounds that she is a licensee with no right to remain.

On July 13, 2013, Frank Rivera, Esq. of the Department of Social Services filed an order to show cause seeking appointment of a guardian ad litem (GAL) based on the February 13, 2013 examination of Ms. K. by Dr. Jones, who found Ms. K. to be suffering from very serious mental illness. A GAL was appointed for Ms. K. on September 3, 2013.

On September 26, 2013, landlord moved for discovery and payment of use and occupancy (U & O). On November 13, 2013, landlord and GAL stipulated to discovery in the form of document production, a deposition of Ms. K., payment of use and

---

**1.** There is no answer in the court file. There is no record of an answer in the court's electronic docket. Landlord admits in its opposition that no answer was ever filed.

occupancy of $6,018.39 by January 15, 2014 and monthly use and occupancy at $668.71. The stipulation granting the motion was so-ordered by Judge Halpern. The matter was marked off calendar pending discovery.

On March 6, 2014,[2] landlord and GAL resolved landlord's motion for discovery again with a stipulation, so-ordered by Judge Spears, that Ms. K. had produced all relevant documents and would be precluded from offering new documents or testifying as to those new documents at trial. Judge Spears also ordered Ms. K. to pay $7,355.81 in use and occupancy by March 26, 2014 or her answer would be stricken. Judge Spears states in the March 6, 2014 order:

> "The Court has been advised that APS is holding funds in escrow but will not release said funds until respondent is given a rent bill in her name. However, the petitioner will only provide such documentation if it is proven that respondent has succession rights—the actual basis of the litigation."

On March 26, 2014, Judge Spears issued another order that concludes, "The respondent has shown no ability to pay outstanding use and occupancy. Therefore, pursuant to this court's 3/6/14 order respondent's answer is stricken. This matter is adjourned to 4/21/14 at 2:30 PM for inquest."

Following an inquest in Part H, the court issued a final order of April 21, 2014 finding that

> "[t]he petitioner commenced this proceeding to regain possession of the subject premises from Caroline K., John Doe and Jane Doe on the grounds that any license to reside in said apartment expired upon the death of [Soon K.] the tenant of record. *The respondents did not appear or answer.* Corporation Counsel then moved for the appointment of a GAL for Caroline K. Through the GAL, respondents consented to discovery and to pay use and occupancy. *Upon repeated default*, this court struck the respondents['] answer and adjourned for an inquest.
>
> "The GAL appeared at inquest but with no ability shown to pay use and occupancy. In light of these and based on the evidence presented at said inquest, the petitioner is awarded a final judgment

---

2. The order is incorrectly dated March 6, 2013. The stipulation could not have been executed before the action was initiated.

of possession as against Caroline K. and a money judgment in the amount of $7,355.81 as all use and occupancy due through 3/31/14. Issuance of the warrant is stayed 5 days. The marshal must notify APS before scheduling any eviction" (emphasis added).

On May 22, 2014, after months of promises and with the marshal knocking at her door, the New York City Human Resources Administration (HRA) filed in New York State Supreme Court a Mental Hygiene Law article 81 petition for appointment of a guardian for Ms. K. Sitting as a Supreme Court Justice, and authorized by article 81, this court issued a stay of the eviction pending the outcome of the article 81 proceeding. In July 2014, this court found Ms. K. incapacitated and appointed a guardian. Notably, it was established at the hearing that Ms. K.'s supplemental security income (SSI) is sufficient to cover monthly rent of $687, and arrears could be paid by a one-time emergency grant, for which HRA requires an application and a current rent ledger. Finding an emergency existed because of the pending eviction, the court appointed a temporary guardian to expedite resolution of the housing matter, already pending 16 months.

This housing case was transferred from Part H of the Housing Court to this court, an Integrated Part comprised of Housing Part I, Civil Court, New York County, and Part 25, New York Supreme Court, an article 81 Guardianship Part. This judge is assigned to both a Supreme Court Guardianship Part to hear petitions under article 81 and a Housing Part to hear related housing court matters where there has been a finding of incapacity or person in need.[3] It is the only Integrated Part of its kind in New York State.

Ms. K. argues that Judge Spears' order and judgment should be vacated under CPLR 5015 because Ms. K. has a meritorious defense to landlord's petition and an excusable default. Landlord argues that Ms. K.'s only option is to appeal the order and judgment rather than to vacate. Landlord argues that CPLR 5015 (a) is limited to vacatur of a default judgment and the order and judgment here were not on default; and that, in

---

**3.** In 2008, the Integrated Part was established by Deputy Chief Administrative Judge Fern Fisher and Administrative Judge of Supreme Court, New York County, Justice Sherry Klein Heitler, under their administrative authority set forth in Rules of the Chief Judge (22 NYCRR) § 33.0. (*See* Shlomo S. Hagler, *Innovative Part Integrates Guardianship and Housing Matters*, NYLJ, June 22, 2011 [online edition].)

any event, the Supreme Court is without authority to vacate the order and judgment of Civil Court, Housing Part H.

A default is not appealable. (*See* CPLR 5511.)[4]

CPLR 5015, relief from a judgment or order, provides that the court that rendered a judgment or order may relieve a party from it on "such terms as may be just" on grounds of excusable default pursuant to CPLR 5015 (a) (1). A motion to vacate must be made to the court that rendered it. (*See* CPLR 5015 [a].) A party seeking to vacate a judgment entered on default must show a reasonable excuse for the default and a potentially meritorious defense to the action. (*See M.R. v 2526 Valentine LLC*, 58 AD3d 530 [1st Dept 2009].) Public policy strongly favors determination on the merits. (*See Guzetti v City of New York*, 32 AD3d 234 [1st Dept 2006].) Even after a warrant has been executed, the court may grant relief from its own judgment. (*See Third City Corp. v Lee*, 41 AD2d 611 [1st Dept 1973].)

The first issue is whether there was a default at all. Here, we have two defaults; a failure to answer and failure to pay U & O.

Landlord maintains that the default must also be the right kind of default. Landlord insists that 5015 (a) (1) applies only to judgments based on a calendar default or failure to answer a pleading. The only authority landlord cites for this limitation, however, does not support such a narrow reading of the statute. In *Levine v Berlin* (46 AD2d 902 [2d Dept 1974]), the Court finds no basis for relief under 5015 (a) five years after entry of judgment, in the absence of a reasonable excuse or a meritorious defense, and without notice to the original parties. In *Friedlander Org., LLC v Ayorinde* (119 AD3d 894 [2d Dept 2014]), likewise denying relief under 5015 (a), the Court rejects the excuse proffered after defendant failed to appear or answer.

Ms. K. failed to answer. The order of April 21, 2014 states that Ms. K. did not appear or answer and next strikes Ms. K.'s answer for her repeated default. This internal inconsistency supports this court's finding that Ms. K. defaulted by failing to answer. Once this default is vacated, all subsequent defaults must be vacated. (*See* CPLR 5015 [a] [5].) However, all of the parties and the court treated the case as if Ms. K. had answered

---

**4.** CPLR 5511 provides: "An aggrieved party or a person substituted for him may appeal from any appealable judgment or order *except one entered upon the default* of the aggrieved party." (Emphasis added.)

and raised one defense—succession. Accordingly, the second default is also analyzed.

CPLR 5015 (a) (1), relief on grounds of excusable default, "contemplates a situation in which the defendant has not had an opportunity to be heard on the merits upon a full hearing." (*Picinic v Seatrain Lines*, 117 AD2d 504, 507 [1st Dept 1986].) For instance,

> "where a noncompliant party has defaulted on a motion seeking a conditional order to strike its pleading *or had consented to the conditional order before failing to comply with it, that party has had no opportunity to offer a reasonable excuse for the default.* Nor has that party had the opportunity to establish a meritorious claim or defense, the additional prerequisite to relief under CPLR 5015 (a) (1)." (*Lauer v City of Buffalo*, 53 AD3d 213, 216 [4th Dept 2008] [emphasis added].)

Only when the parties have had an opportunity to contest the issue of whether prior orders were "deliberately disobeyed" and the answer was stricken, relief under 5015 (a) (1) is not warranted, as it would "permit relitigation of the very issue previously contested and decided, to wit, whether there was an excusable failure on defendant's part to comply with the disclosure orders." (*Pergamon Press v Tietze*, 81 AD2d 831, 832 [2d Dept 1981], *lv dismissed* 54 NY2d 605 [1981].)

Here, the issue of nonpayment of U & O was not contested and Ms. K. had no opportunity to offer a reasonable excuse for her default in payment. This is not a case of a recalcitrant party who consciously fails to comply with an order despite opportunities to do so. (*See e.g. Achampong v Weigelt*, 240 AD2d 247 [1st Dept 1997]; *Pinapati v Pagadala*, 244 AD2d 676 [3d Dept 1997].) The order of March 6, 2014 is self-executing, stating that Ms. K.'s answer would be stricken if she failed to pay use and occupancy by March 26. The court never entertained the issue of whether Ms. K.'s failure to pay was excusable. In fact, the order is clear that Ms. K.'s right to remain was the crux of the case but succession would not be tried unless use and occupancy was first paid, a precondition Ms. K. could not meet at the time under the circumstances. The order of March 26, 2014 establishes that Ms. K.'s answer was stricken upon Ms. K.'s "repeated default." Thus, while Ms. K. was assisted by a GAL, she was nonetheless a defaulting party within the meaning of 5015 (a) (1) and the order and judgment are not appealable. CPLR 5015 is Ms. K.'s only option.

Ms. K.'s meritorious defense is that she has succession rights because she lived with her mother for many years until the latter's death and is thus entitled to remain. Ms. K. states in an affidavit that she has lived at 810 West 31st Street, New York, New York initially from 1991 through 1999, and continuously, with her mother, Soon K., from 2008 through the time of her mother's death on January 4, 2013, through the present. According to Ms. K., due to her disabilities, she has, since 2008, received supplemental security income for which her mother was representative payee. As a result of the death of Ms. K.'s mother, there was no representative payee. SSI payments stopped in February 2013 through January 2014, when HRA became the representative payee.

Landlord effectively has no opposition. Landlord proffers a short affidavit of Albert Sabetfard, a member of petitioner LLC with an office in the building, who states he is in the building every day. According to Mr. Sabetfard, the building consists of 300 units, illegal subletting is common, and given the high volume of visitors, he cannot always distinguish guests from tenants. Mr. Sabetfard swears that he has no knowledge of the merits of Ms. K.'s claim to succession. Therefore, Ms. K. has stated a meritorious defense.

Ms. K.'s failure to file an answer is an excusable default. Ms. K. cannot be punished for her GAL's failure to fulfill the most basic responsibility of a GAL—to file an answer.

Likewise, Ms. K. has stated an excuse for her failure to pay U & O. Ms. K. could not comply with the U & O order. The GAL assigned to help her could not actually do what needed to be done. A GAL is powerless to marshal assets or seek the release of SSI funds.[5] While APS was ready and willing to become a representative payee, institute financial management and apply for a rental arrears grant, it was not able to do so

---

**5.** This case exemplifies when appointment of a GAL is inappropriate. From the beginning, it was clear that Ms. K. needed a guardian under article 81 and not a GAL. Like so many disabled adults, Ms. K. was cared for by her mother who passed away without any plan to care for Ms. K. Ms. K. needed ongoing care; resolution of a housing court case would not suffice. No GAL would ever have the power or authority to accomplish what Ms. K. needed: become a representative payee, seek the release of SSI funds and funds held in escrow by Adult Protective Services (APS), pay bills, apply for an emergency rent grant and check on her regularly to ensure her needs are addressed since she is not able to do so and has no one to help her. These are powers that only an article 81 guardian could have. Nevertheless, HRA applied for appointment of a GAL for Ms. K. causing her unnecessary and horrifying distress and nearly resulting in her homelessness.

without the landlord's cooperation. The order of March 6 is clear that the court would not reach the issue of succession until Ms. K. met conditions which, the court acknowledges in the order of March 6, could not be met. Without resolution of Ms. K.'s right to succession, the landlord would not produce proof of tenancy and rent bills, and without which, Ms. K. could not qualify for a grant to cover arrears. Ms. K., a severely disabled woman, was in a classic catch-22, which neither she nor the GAL, nor APS were equipped to address.

Landlord objects to Ms. K. requesting relief from a Supreme Court judge. Rather, any relief from the order must be made in Housing Court, where the judgment was rendered. This is true. As this court integrates Housing Part I of the Civil Court with a Supreme Court Part, Ms. K. is in the right place.

Finally, landlord argues the motion to vacate must be considered by the judge who rendered the order. CPLR 5015 directs the motion to be made in the same court, not before the same judge. Landlord seems to confuse CPLR 5015 with CPLR 2221. CPLR 2221 (a) (1) directs motions to renew or reargue to be made before the same judge unless it is a default. Indeed, most of the cases cited by landlord for this proposition are CPLR 2221 cases to renew and reargue. (*See Vaseghi v Vaseghi*, 114 AD2d 501 [2d Dept 1985] [exception to rule of making motion to renew and reargue before the same judge because change in circumstances in divorce action allowing for upward modification of maintenance]; *Francione v Birnbaum*, 134 AD2d 850 [4th Dept 1987] [CPLR 2221], *rearg denied and lv denied* 525 NYS2d 167 [1988]; *Kimmel v State of New York*, 261 AD2d 843 [4th Dept 1999] [renewal under CPLR 2221].)

As the motion to vacate the order and judgment are properly before this court, and in light of strong public policy that favors resolution of disputes on the merits, this court finds that Ms. K. has met her burden to show a reasonable excuse for the defaults and a potentially meritorious defense to the action. Ms. K.'s motion to vacate is granted and the order and judgment are vacated. Ms. K. is directed to file an answer.

That branch of Ms. K.'s motion seeking summary judgment is denied without prejudice. Without an answer, the motion is premature.

Accordingly, it is ordered that the order of March 6, 2014 and judgment of April 21, 2014 entered on default are vacated.