Matter of Anderson Ave. Assoc. LP v Fuller (2025 NY Slip Op 02640)

Matter of Anderson Ave. Assoc. LP v Fuller

2025 NY Slip Op 02640

Decided on May 01, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 01, 2025

Before: Renwick, P.J., Manzanet-Daniels, Higgitt, Rosado, JJ. 

Index No. 570521/22|Appeal No. 4228-4228A|Case No. 2023-03330|

[*1]In the Matter of Anderson Avenue Associates LP, Petitioner-Respondent,
v
Doreen Fuller, Respondent-Appellant, Services for the Underserved, Inc., Respondent.

Twyla Carter, The Legal Aid Society, New York (Zoe Kheyman of counsel), for appellant.
Hertz, Cherson & Rosenthal, P.C., Forest Hills (David Troupp of counsel), for respondent.

Order, of the Appellate Term of the Supreme Court, First Department, entered on or about May 16, 2023, which affirmed the judgment of the Civil Court, 
Bronx County (Bernadette G. Black, J.), entered August 30, 2019, and order, same court and Justice, entered May 26, 2022, which denied the motion of respondent undertenant Doreen Fuller to vacate the judgment and warrant of possession in favor of petitioner landlord issued after trial, unanimously reversed, on the law, with costs, the judgment and warrant of possession vacated, and the matter remanded for a new trial.
Petitioner-landlord commenced this holdover proceeding against Services for the Underserved (SUS) and appellant Doreen Fuller. SUS assists vulnerable individuals, including homeless people, to procure private housing, concomitantly providing them mental health services. In 2009, SUS helped Fuller secure an apartment at petitioner-landlord's rent-stabilized building, with SUS serving as a tenant and Fuller as a subtenant.
Petitioner-landlord's holdover proceeding is based primarily on the ground that Fuller has no right to remain in the purportedly rent-stabilized apartment. The landlord argues that the apartment is exempt from rent stabilization under Rent Stabilization Code (RSC) (9 NYCRR) § 2520.11(f), which exempts from rent stabilization accommodations run by charitable and educational institutions. SUS is not defending this action. Accordingly, SUS did not submit an answer on its behalf or on behalf of Fuller. Instead, prior to trial, Civil Court appointed a guardian ad litem (GAL) for Fuller. The GAL did not procure counsel for Fuller, but did attend the trial with her. During the trial, which lasted roughly 30 minutes, Fuller made multiple statements indicating that she was confused about her legal representation and did not understand that she was on trial. Civil Court issued an order in favor of the landlord and a judgment of possession and a warrant of eviction.
Fuller subsequently procured counsel, the Legal Aid Society, which sought to vacate the judgment and warrant. Civil Court denied the motion. On appeal, the Appellate Term affirmed the Civil Court order finding, among other things, that Fuller was not entitled to post-trial relief pursuant to CPLR 5515(a) because she did not default at trial. This Court granted Fuller leave to appeal. We now reverse for the reasons explained below.
Contrary to Appellate Term's determination, the Civil Court had authority to vacate the judgment. The enumerated categories for vacatur of a judgment pursuant to CPLR 5015(a) are not exhaustive, and courts retain the "common-law ability to grant relief from a judgment in the interests of justice" (Nash v Port Auth. of N.Y. & N.J., 22 NY3d 220, 226 [2013]; see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]). Here, the judgment should have been vacated in the interest of justice.
Respondent's GAL failed to file an answer on respondent's behalf in this action. Although respondent [*2]appeared at trial with her GAL, and was sworn as a witness, testified, and produced documents, courts have held that a tenant who appears, but fails to file an answer, may be deemed to have defaulted (see e.g. 1234 Broadway LLC v Caroline K., 47 Misc 3d 673, 679 [Civ Ct, NY County 2015]). Moreover, the GAL did not assist respondent in obtaining counsel, did not cross-examine petitioner's witness, and did not submit evidence to support respondent. To the contrary, the GAL introduced her own detrimental testimony that was prejudicial to respondent and irrelevant to the proceeding. Respondent's trial testimony further indicates that she did not understand the nature of the proceedings and that she was unrepresented by counsel. Accordingly, on this record, we conclude that the court improvidently exercised its discretion in declining to vacate the judgment and remand for a new trial (see Habenicht v R.K.O. Theatres, 23 AD2d 378, 379 [1st Dept 1965]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 1, 2025